# Metropolitan Life Insurance Co. v. George W. Zeigler, Adm'r, etc.

1. INSURANCE—*Statements in the Application as Warranties.*—Where the application for a policy of insurance is expressly declared to be a part of the policy, and such statements are warranted to be true, they will be held material whether they are so or not, and if shown to be false, there can be no recovery on the policy.

2. SAME—*Falsity of Statements in the Application, an Affirmative Defense.*—The fact that the statements in the application upon which a policy of insurance is issued are false, must be set up by a special plea and proved by the defendant.

3. SAME—*Proofs of Death—When Unnecessary.*—Where the policy provides that the proof of death shall be made in a particular manner, after the company has given notice that the loss will not be paid, it can not be heard to object that the proof of death was not made as required by the policy.

**Assumpsit**, on a policy of life insurance. Appeal from the County Court of Macon County; the Hon. WM. L. HAMMER, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed February 25, 1897.

CONKLING & GROUT, attorneys for appellant.

W. B. TYLER and LEFORGEE & LEE, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit upon a policy of life insurance.

The defendant plead the general issue; also a special plea, alleging that in her application for the policy the deceased stated that she never had any disease of the kidneys or the lungs; that said statement was false; that she had, prior to that time, been afflicted with such diseases and was then, and so continued to be until her death, and that such diseases contributed thereto. The plaintiff demurred generally to this plea, and the court sustained the demurrer. The policy was issued upon consideration of the answers and statements contained in the application, all of which were declared to

be warranties and made part of the contract, and it was also provided that if any of such statements were not true the policy should be void. We are unable to see upon what ground the plea was held bad.

In Continental Ins. Co. v. Rogers, 119 Ill. 474, it was held that where the application is expressly declared to be a part of the policy, and the statements therein are warranted to be true, such statements will be deemed material whether they are so or not, and if shown to be false there can be no recovery on the policy.

It is said, however, that as the general issue was filed, this plea was superfluous and therefore the demurrer was properly sustained. Such an objection can not be made by general demurrer, but it must be specially pointed out. It was held in the case just cited that it is not necessary for the plaintiff to allege or prove such matters as appear in the application, and that to be availed of as a defense, their falsity or breach by the assured must be set up and proved by the defendant. Hence it would seem that a special plea is not only proper, but necessary, and such was the intimation of the court in the subsequent case of the Phœnix Ins. Co. v. Stocks, 149 Ill. 319. But if, as urged by appellee, the proof might have been offered under the general issue, the defendant was not bound to offer it after the special plea had been held bad. As was said in Hamlin v. Reynolds, 22 Ill. 207: "The question had once been presented to and decided by the court, and without some intimation of a change of opinion by the court the appellant would be justified in supposing the court would adhere to the decision already made."

It is objected that no proper proofs of loss were made ten days before the suit was brought, as required by the policy.

It appears that the assistant superintendent of the defendant for the locality was notified of the death the same day it occurred, by the plaintiff, who had not then been appointed administrator, and that after some investigation and conference with the superintendent and by direction

of the latter, he notified the plaintiff the loss would not be paid. The policy provides that proof shall be made upon blanks to be furnished by the company. No such blanks were furnished, and in view of the action of the superintendent, it was not necessary for the plaintiff, after he was appointed administrator, to again give notice of the death, to the end that blanks might then be furnished. On the evidence as it here appears, we are inclined to hold the company can not be heard to object that the proof of death was not made as required by the policy. For the error in sustaining a demurrer to the special plea, the judgment must be reversed and the cause remanded.