# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

LOUISA MOERSCHBAECHER

*v.*

THE SUPREME COUNCIL OF THE ROYAL LEAGUE.

*Opinion filed October 19, 1900—Rehearing denied December 12, 1900.*

1. BENEFIT SOCIETIES—*a by-law prohibiting members from keeping saloon not unreasonable.* A by-law of a benefit society which provides for the forfeiture of all beneficial rights of a member who engages in the business of keeping a saloon is not unreasonable.

2. SAME—*when member is not justified in remaining in saloon business because not formally suspended.* That a member who had engaged in the saloon business was not formally notified and suspended, in accordance with a by-law in force when he became a member, does not justify his remaining in the business after the passage of a by-law providing that members engaging in the saloon business should stand suspended from the date of engaging therein, where, at the time he joined the society, the member agreed to obey all by-laws in force and those thereafter duly enacted.

3. WAIVER—*whether waiver or estoppel has arisen is a mixed question of law and fact.* The ultimate inquiry whether a waiver or an estoppel has arisen involves consideration both of the legal definitions and the proofs, and hence is a mixed question of law and fact, upon which the judgment of the Appellate Court is final in cases at law.

*Supreme Council* v. *Moerschbaecher,* 88 Ill. App. 89, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

MONTGOMERY & HART, (WALTER M. HOWLAND, of counsel,) for appellant.

MILLARD R. POWERS, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The appellant, as beneficiary in a certain mortuary certificate issued by the appellee league admitting one Peter Moerschbaecher, husband of appellant, to membership in the league, was, on the death of said Peter, awarded judgment in the sum of $4000 against the appellee league in the circuit court of Cook county in an action of assumpsit, but the Appellate Court reversed the judgment and refused to remand the cause. This is an appeal to reverse the judgment of the Appellate Court.

· The beneficiary certificate in question was issued on the 18th day of November, 1890, upon an application made and signed by the said Peter. The laws of the order precluded one engaged in the business of keeping a saloon from becoming a member of the league, and provided that if any member should engage in or pursue the occupation or employment of keeping a saloon, "the archon of the council of which the brother is a member shall, upon satisfactory information, cause a written notice to be immediately mailed to the member, to the effect that his further continuation in such business or employment will forfeit all beneficial rights under his membership, and that if he thereafter continues therein, the archon shall at the next meeting declare him suspended, in open council, from any and all benefits of or interest in the W. and O. B. fund: *Provided, however*, that should the brother so desire, he may remain a social

member:   *And be it further provided,* should the brother permanently relinquish said occupation or employment, he may be re-instated by complying with article 7, section 3, subordinate council constitution."

In said written application for membership said Peter stated that his occupation was that of a cigar manufacturer and that he was not engaged in the occupation or employment of a saloon-keeper, and stipulated that if he should become actively engaged in the occupation or employment of a saloon-keeper his so doing should forfeit and absolutely terminate thereafter all rights, interests, payments, benefits or privileges of himself, his family or beneficiaries under the certificate of membership, without proceedings for expulsion or other proceedings on the part of the league.   The application also contained a stipulation that the applicant would comply with all the laws, rules and usages of the league then in force or which might thereafter be adopted by the league.

In 1891 said Peter engaged actively in the occupation of a saloon-keeper, and continued to be so engaged during the remainder of his life.   He, however, paid all assessments and dues for which he was liable as the holder of a certificate of membership in the league, with the right to mortuary benefits. He died July 12, 1895.   On the 28th day of March, 1893, the following by-law was duly adopted by the governing body of the league:

"Sec. 3. All beneficial members of this order are prohibited from engaging in or pursuing any of the occupations or employments enumerated in the preceding section of this law; and any member of the order who shall, after obtaining membership therein, become engaged in or pursue any business or employment enumerated in section 2 of this law, shall stand suspended from and forfeit all interest in the widows' and orphans' benefit fund from and after the date of his engagement in such prohibited business; and no benefit or benefits shall be paid to the beneficiary or beneficiaries of any member

on account of the death of such member occurring while he is engaged in any of said enumerated employments."

In the trial court the cause was submitted to the court without a jury and without propositions relative to the law applicable to the cause. Nor is it complained the court erred in its rulings as to the admissibility of evidence.

The pleadings resulted in joinder on issues of fact, except that appellant raised an issue of law by abiding her sur-rejoinder to appellee's rejoinder to her replication to appellee's plea, the court having sustained a demurrer to such sur-rejoinder. The plea interposed as a defense that said Peter, by engaging in the said prohibited business of a saloon-keeper, had forfeited all beneficial rights under said certificate of membership in the league, and that the league had been thereby released of all liability upon the said certificate. The appellant replied, among other replications, that the archon of the council did not, as required by the by-law of the league hereinbefore referred to, notify said Peter that his further continuation in said business of keeping a saloon would forfeit all his rights as a member of the league, etc., and did not in open council declare, as contemplated by said by-law, that said Peter should be suspended from any such benefits, etc. The appellee, by way of rejoinder, set forth the by-law adopted March 28, 1893, hereinbefore set out, and the covenant of the said Peter, in his written application, to comply with all the laws of the order then in force or thereafter duly enacted, and relied upon said by-law as effective from and after the date of its passage. Appellant filed a sur-rejoinder, alleging that the by-law of 1893 in question was adopted subsequent to the engagement of said Peter in the business of keeping a saloon. The court properly sustained a demurrer to this sur-rejoinder. The by-law created no new ground of forfeiture. It had operation only to repeal a prior by-law which regulated the manner in which the league should proceed in case

a member had, in violation of the by-laws of the league
and the terms of his application for membership, engaged
in the prohibited occupation. The power and right to
pass it was reserved when said Peter was admitted to
membership and he expressly covenanted to obey and
be bound by all by-laws so adopted. We cannot say it
was unreasonable, and, conceding that it could not be
given retrospective effect, it was clearly effective and
legal prospectively. (*Supreme Lodge Knights of Pythias*
v. *Kutscher,* 179 Ill. 340; *Fullenwider* v. *Royal League,* 180 id.
621.) The court did not err in sustaining the demurrer
to said sur-rejoinder.

The only other question presented by the briefs of
counsel is the contention of appellant that the appellee
league waived, or had become estopped to interpose as a
defense, the fact that said assured had engaged in busi-
ness as a saloon-keeper. The judgment of the Appellate
Court is conclusive as to all questions of fact or mixed
questions of law and fact. The facts recited in the judg-
ment of the Appellate Court are: "That Peter Moersch-
baecher, the assured, agreed by his contract with appel-
lant that no benefits should become due to the beneficiary
named in his certificate of membership by reason of the
death of the said Peter Moerschbaecher occurring while
engaged in the business of saloon-keeper; that said Peter
Moerschbaecher died while engaged in the business of a
saloon-keeper, and that no benefits or right to benefits
accrued to appellee by reason of his death thus occur-
ring, and that the effect of the contract of Peter Moersch-
baecher with appellant was not changed by any conduct
or waiver upon the part of appellant, so as to entitle the
beneficiary named in the contract to any right to benefits
by reason of the death of Peter Moerschbaecher occurring
while engaged in the business of a saloon-keeper."

The appellant, by one of her replications (as amended)
to the plea exhibited by the league, averred that the
league "accepted from the said Peter the quarterly dues

and assessments for the benefit of its widows' and or-
phans' fund well knowing the said Peter had become en-
gaged in the occupation of a saloon-keeper," and prayed
judgment "if the said defendant ought to be admitted or
received, against its own acceptance of quarterly dues and
assessments as aforesaid, to plead the plea by it firstly
above pleaded in this suit, *i. e.,* 'that by reason of the
said Moerschbaecher becoming engaged in the occupation
or employment of saloon-keeper, it, the said defendant,
became discharged from all liability upon the said benefit
certificate to the plaintiff.'" The league interposed a de-
murrer to this replication, but the court held the replica-
tion to be good. Thereupon the league filed a rejoinder,
denying and putting at issue the averments of facts set
forth in the replication. This issue was determined by
the trial judge, sitting as the trier of the issues both of
law and fact, in favor of the appellant. The Appellate
Court reversed the decision of the trial court, and in the
judgment of reversal recited its findings that the assured,
in violation of his agreement, had engaged in the busi-
ness of keeping a saloon, was engaged in that prohibited
calling at the time of his death, and that the league had
not, by way of waiver or estoppel, lost the right to insist
said violation of the contract of insurance relieved the
league from all liability to pay the mortuary benefit con-
templated by the contract or policy of insurance.

The definition of "waiver" and of "estoppel" is a mat-
ter of law. Whether the facts exist in any given case,
which are requisite to bring the case within such legal
definition is a question of fact. The ultimate inquiry
whether a waiver or estoppel has arisen or exists in-
volves consideration of both the proofs and the legal
definition, and is a mixed question of law and fact. The
findings of the Appellate Court on questions of that char-
acter are conclusive in this court, and may not be here
reviewed. (*Hayward* v. *Merrill,* 94 Ill. 349; *Meyer* v. *Butter-
brodt,* 146 id. 131; *St. Louis Nat. Stock Yards* v. *Wiggins Ferry*

Co. 102 id. 514; *Toledo, St. Louis and Kansas City Railroad Co.* v. *Clark,* 147 id. 171; *Chicago and Western Indiana Railroad Co.* v. *Flynn,* 154 id. 448; *Mobile and Ohio Railroad Co.* v. *Massey,* 152 id. 144.) No question of law is presented for our decision as to the said waiver or estoppel.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*