### Supreme Lodge Knights and Ladies of Glenwood v. Annie Albers.

1. BILLS OF EXCEPTIONS—*Can Not be Amended from Memory.*—The court can not amend the original bill of exceptions from memory, but only from some official or quasi-official note or memorandum or memorial paper reserved in the files of the case, or upon the records of the court. It can not make the stenographer's sworn transcript a basis of such an amendment.

2. INSURANCE—*Breaches of Warranties, Representations or State-*

86    APPELLATE COURTS OF ILLINOIS.

VOL. 106.] Sup. Lodge Knights & Ladies of Glenwood v. Albers.

*ments in the Application or Policy Must be Pleaded Specially.*—Breaches of warranties, representations or statements in the application or policy must be pleaded specially. It is not necessary for the plaintiff in an action on the policy, to either allege or prove such matters as appear in the application only. To be availed of as a defense, without regard to whether they are warranties, or representations merely, their falsity or breach by the assured must be set up and proved by the defendant as a matter of defense.

3. PLEADING—*How the Ground that the Plea Amounts to the General Issue Can be Taken Advantage of.*—The ground that the plea amounts to the general issue can be taken advantage of only by a special demurrer.

**Assumpsit**, upon a beneficiary certificate. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded. Opinion filed December 22, 1902. Petition for a rehearing withdrawn February 9, 1903.

**Statement.**—Annie Albers, the beneficiary in a certificate of insurance to Jacob N. Albers, her husband, issued by the appellant, after his death, which occurred February 3, 1900, begun suit declaring specially upon the certificate and upon the common counts. A plea of the general issue to the common counts and two special pleas to the first or special count were interposed. After amendments of the declaration, demurrers to the special pleas, which were sustained, and replications to the amended special pleas, the court finally, on demurrer to the plaintiff's replications to the second amended and third special pleas to the special count, carried back the demurrer to the pleas and sustained it, on the ground that the said pleas amount to the general issue. The defendant elected to stand by the pleas. No question as to the pleadings is raised, except as to the third special plea. The cause was tried before the court and a jury upon the declaration as amended and plea of the general issue. At the close of the evidence the court directed a verdict for the plaintiff and gave judgment thereon, from which this appeal is taken.

A. B. ST. JOHN, attorney for appellant; IVES, MASON & WYMAN, of counsel.

Walter F. Heinemann, attorney for appellee.

Mr. Justice Windes delivered the opinion of the court.

A preliminary question is presented by a motion of appellant to file an additional or supplemental record, which was reserved to the hearing. In the original record as filed there is nothing in the bill of exceptions which shows that it contains all the evidence heard upon the trial. After the briefs were filed in the cause, the Superior Court, on motion of the defendant, the appellant here, caused the original bill of exceptions to be amended by inserting therein the following: "The foregoing bill of exceptions contains all the evidence offered or heard upon the trial of said case, and correctly recites all proceedings had on the trial of said case."

It appears from the supplemental record sought to be filed, that the court, as a basis for the amendment of the original bill of exceptions, examined the record in this case and the original bill of exceptions filed herein December 12, A. D. 1901, and now forming part of the record of the Appellate Court in an appeal from a judgment rendered in the above entitled case, and now pending in said Appellate Court * * * and the stenographer's transcript of all evidence offered and received and of all proceedings had upon the trial of said case, duly sworn to by said stenographer to be a true, full and complete transcript of his shorthand notes of said evidence and proceedings, though said transcript was not filed in said case prior to the date of the entry of the order, to wit, May 23, 1902.

It is evident from a reading and a consideration of the supplemental record that the court, in making the amendment which it did of the bill of exceptions, considered this sworn transcript of the stenographer's notes of the evidence and proceedings on the trial. This the court could not legally do. The court could not amend the original bill of exceptions from memory, but only from some official or quasi-official note or memorandum or memorial paper preserved in the files of the case, or upon the records of the court. It could not make the stenographer's sworn tran-

83    APPELLATE COURTS OF ILLINOIS.

VOL. 106.] Sup. Lodge Knights & Ladies of Glenwood v. Albers.

script a basis of such an amendment. Ry. Co. v. Walsh, 150 Ill. 607–12; Tynan v. Weinhard, 153 Ill. 598–606; Hubbard v. People, 197 Ill. 15–17, and cases cited.

In the Hubbard case, *supra*, it was held that stenographic notes of the court reporter relating to the proceedings of the trial, other than the evidence, are not such a note, memorandum or memorial paper as the law contemplates shall be used as the basis for a *nunc pro tunc* order amending the record after the lapse of the term, and the court quotes with approval the following language from the Tynan case, *supra*, as to what must be the basis for an amendment of the record after the term, viz.:

"It must be shown by the production of some note or memorandum from the records, or quasi-records, of the court, or by the judge's minutes, or some entry in some book required to be kept by law, or in the papers, or on file in the cause. It can not be determined from the memory of witnesses or by the recollection of the judge himself."

The court having no sufficient basis before it to justify the amendment of the bill of exceptions, it follows that the supplemental record showing such amendment can not be considered by the court, and the motion to file it is therefore denied.

The remaining record failing to show, as it does, that it contains all the evidence heard on the trial, we can consider no errors assigned and argued which are based upon the evidence in the case. It then remains for us to consider whether there is error shown by the common law record.

The only matter argued upon the common law record is as to whether the court erred in carrying back the defendant's demurrer to the replication to the third special plea, and sustaining it to that plea. That plea is, in substance, that Albers made an application, signed by him, to defendant for the certificate sued on, and delivered the same as a basis for the certificate; that he thereby warranted the truthfulness of each statement and answers made by him in the application; that the application should form the sole basis

of his admission to membership in the order, and that any untrue statement or concealment of facts by him in the application should forfeit his and his beneficiary's rights therein; also that certain answers in the application made by Albers to the effect that his occupation was that of shipping clerk, when in fact his occupation was that of a bartender in a saloon, were untrue, and known to be untrue by Albers at the time he made them, and that he answered as he did to mislead and deceive the defendant and induce it to accept his application and issue to him the certificate; also that the certificate provided that the same was issued and subject to, and to be construed and controlled by the laws of the order, and that there was then in full force in said order, specifying the same, a law which provided that no person should be received as a member thereof who was engaged in the manufacture or sale of intoxicating liquors as a beverage, which law was known to Albers, and that defendant, relying upon and believing the said answer of Albers to be true, and being deceived thereby, did issue to him said certificate, whereby the same became null and void.

We are of opinion that the learned trial judge erred in sustaining the demurrer to this plea. It presented a good defense to the suit, did not amount to the general issue, and was such a defense as could only be presented by a special plea. Joyce on Ins., Secs. 3684 and 3691; 11 Enc. Pldg. & Pr. 422; Continental L. I. Co. v. Rogers, 119 Ill. 474–85; Phenix Ins. Co. v. Stocks, 149 Ill. 319–26; Ætna Ins. Co. v. Phelps, 27 Ill. 71; Order of Chosen Friends v. Austerlitz, 75 Ill. App. 74–86; Met. L. I. Co. v. Zeigler, 69 Ill. App. 447; Standard L. & A. Ins. Co. v. Jones, 94 Ala. 434–7; Coburn v. Traveler's Ins. Co., 145 Mass. 226; Moerschbaecher v. Supreme, etc., 188 Ill. 9; same case, 88 Ill. App. 89.

In the case last cited it was held that a similar defense to the one presented by this plea was sufficient to defeat an action upon an insurance certificate.

In the Encyclopedia above cited, the author says, "Breaches of warranties, representations or statements in

90    APPELLATE COURTS OF ILLINOIS.

VOL. 106.] Sup. Lodge Knights & Ladies of Glenwood v. Albers.

the application or policy must be pleaded specially;" and cites, among other cases, the Coburn case, *supra*, in which the court say :

" When a defendant intends to rest his defense upon a fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out in precise terms in the answer."

In Joyce on Insurance, Sec. 3691, the author, after noting numerous rulings of the courts as to what should be specially pleaded in actions upon an insurance policy, says that " misrepresentation, fraud, the use of prohibited articles, or forbidden use of the premises, and non-compliance with the warranties, should be specially pleaded." The same author, in section 3684, says : " Plaintiff, in an action upon a policy, need not aver or prove the truth of representations or warranties contained in the application, but it is incumbent upon the defendant, if he relies upon the breach of any such warranties as a defense, to allege and prove the same," citing American C. I. Co. v. Wood, 73 Fed. Rep. 81–4, and Chambers v. N. W. M. L. Ins. Co., 67 N. W. Rep. (Minn.) 367, which sustain the text.

In the Phenix Ins. case, *supra*, the Supreme Court, quoting from the Rogers case, *supra*, say :

" The rule seems to be well settled in this state that it is not necessary for the plaintiff in an action on the policy, to either allege or prove such matters as appear in the application only. To be availed of as a defense, without regard to whether they are warranties, or representations merely, their falsity or breach by the assured must be set up and proved by the defendant as a matter of defense."

From the foregoing authorities it would seem clear not only that it was unnecessary for the plaintiff in this case, in order to show a *prima facie* right of recovery, to allege or prove that the assured made truthful answers in his application for the certificate, but that on the other hand, if the defendant sought to make the defense set up in its third special plea, it was bound to plead such defense specially, and could not make it under the general issue.

Moreover, the demurrer was general, and the ground

that the plea amounted to the general issue can be taken advantage of only by special demurrer.   Ogden v. Lucas, 48 Ill. 492;  Ziegler case, *supra.*

The contention of appellee that though the demurrer to the special plea was sustained, yet, if the defendant was not prejudiced thereby and did not at the trial offer evidence under the special plea, there was no reversible error, can not be considered, for the reason that the record fails to show that it contains all the evidence.   We can not, therefore, say that the defendant was not prejudiced or that he did not offer evidence under the special plea.

For the error in sustaining the demurrer to the third special plea, the judgment is reversed and the cause remanded.