THE STATE, EX REL. GEORGE STRANG, v. CAMDEN LODGE, ANCIENT ORDER OF UNITED WORKMEN OF NEW JERSEY, ET AL.

Submitted December 9, 1905—Decided February 26, 1906.

Where an application for a benefit certificate in a fraternal association contained an agreement by the applicant that compliance on his part "with all the laws, regulations and requirements which are or may be hereafter enacted by said order is the express condition upon which I am to be entitled to participate in the beneficiary fund and have and enjoy all the other benefits and privileges of said order," a law of the order subsequently adopted that "any member of the order who shall, after August 1st, 1898, enter the business of selling by retail intoxicating liquors as a beverage shall be expelled from the order," and making provision for suspension from rights in the beneficiary fund and rendering the certificate null and void, is valid and binding upon one who has obtained a benefit certificate under such an application.

On *mandamus*.

Before Justices FORT, GARRETSON and REED.

For the relator, *Howard Carrow*.

For the respondents, *John I. B. Reiley* and *William A. Barkalow*.

The opinion of the court was delivered by

GARRETSON, J. This is an application for a writ of *mandamus* commanding and enjoining Camden Lodge, No. 1, Ancient Order of United Workmen of New Jersey, to restore the relator to membership in the lodge and to compel them to accept his monthly dues and assessments.

The Ancient Order of United Workmen is a fraternal beneficial association. Camden lodge is a subordinate lodge under the jurisdiction of the Grand Lodge of New Jersey, and subject to its laws, rules and regulations. The Grand

Lodge of New Jersey is subordinate to and under the jurisdiction of the Supreme Lodge, and subject to its laws, rules and regulations.

April 20th, 1881, the relator applied to Camden lodge for a degree, and in his application agreed that compliance, on his part, "with all the laws, regulations and requirements which are or may be hereafter enacted by said order is the express condition upon which I am to be entitled to participate in the beneficiary fund and have and enjoy all the other benefits and privileges of said order."

April 25th, 1881, a beneficiary certificate was issued to relator, entitling him to participate in the benficiary fund of the order to the amount of $2,000, payable to his wife at his death.

The certificate contained these words: "This certificate is issued upon the express condition that said George Strang shall in every particular, while a member of said order, comply with all the laws, rules and requirements of said order."

The following general law of the order was adopted in 1898 by the Grand Lodge of New Jersey, and has been in effect ever since: "Any member of the order who shall, after August 1st, 1898, enter into the business of selling by retail intoxicating liquors as a beverage, shall be expelled from the order; *provided,* that any member of the order who shall, after August 1st, 1898, have entered or who shall hereafter enter into the business or occupation of selling by retail intoxicating liquors as a beverage, shall stand suspended from any and all rights to participate in the beneficiary fund of the order, and his beneficiary certificate shall become null and void from and after the date of his so engaging in said occupation, and no action of the lodge of which he is a member, or of the Grand Lodge or any officer thereof, shall be necessary or a condition precedent to such suspension. In case any assessment shall be received from a member who has thus engaged in such occupation after August 1st, 1898, the receipt thereof shall not continue the beneficiary certificate of such member in force, nor shall it be a waiver of his so engaging in such occupation."

This has also been a law of the Supreme Lodge since 1898.

The relator engaged in the business or occupation of selling by retail intoxicating liquors as a beverage in January, 1905, and has continued in that business ever since.

The relator paid his assessments up to the month of May, 1905. In the month of May, 1905, there became due an assessment of $3.84, which the relator offered to the financier of Camden lodge, which the financier declined and refused to accept.

The lodge has never taken any action to suspend the relator as a member of the lodge, except that the financier announced at the first meeting night in June that the relator was suspended because he had entered into the business of selling by retail intoxicating liquors as a beverage.

The law of the lodge seems to be self-executing, and that a member who engages in the prohibited business, if subject to the law, becomes *eo instanti* suspended, and the certificate becomes forfeited and is not continued by the receipt of subsequent assessments, nor is such receipt a waiver of his engaging in such occupation.

The relator contended that he was not bound by this law of the society as to the business of retail liquor dealer because it was an unreasonable limitation upon relator's vested property rights, and was not such a regulation or requirement as was contemplated in his written application for membership.

*O'Neill* v. *Legion of Honor*, 41 *Vroom* 410, in this court, was upon demurrer to pleas in a suit to recover damages for declaring void a benefit certificate issued to the plaintiff. In that case the Legion of Honor had issued a benefit certificate agreeing to pay to the beneficiary $5,000 upon compliance with all the by-laws of the order then existing or thereafter adopted. Subsequent to issuing the certificate the order amended its by-laws so as to declare that $2,000 should be the highest amount paid on the death of a member upon any certificate theretofore or thereafter issued, and the court in that case held that the stipulation in the certificate to be bound by after-adopted by-laws must be construed as referring only to reasonable by-laws and amendments adopted in fur-

therance of the contract, and not to such as would overthrow it or materially alter its terms.

There is some contrariety of opinion upon the effect of after-enacted by-laws, but the weight of authority seems to be that such by-laws are to be given effect if reasonable and do not interfere with vested rights.

In *Moerschbacker* v. *Supreme Council Royal Lodge,* 118 *Ill.* 9, the by-laws of a fraternal benefit association prohibited, in 1890, any member engaging in the saloon business, and provided that one so doing should be given written notice that a continuation thereof would forfeit his beneficial rights, and that if he persisted therein he should be declared suspended in open council. In that year decedent joined, and in his application stipulated that he would comply with all the by-laws, &c., of the association then in force or afterwards adopted. In 1891 decedent became a saloonkeeper, and in 1893 the association passed a by-law providing that any member engaged in that business should forfeit from that date his beneficial interest, and no benefits should be paid to his beneficiaries on account of his death occurring while pursuing such occupation. Decedent remained a saloonkeeper and, in 1895, died. *Held,* that his beneficiaries could not recover, though no proceedings had been taken against him since the by-law of 1893, with which he stipulated to comply, and which repealed the requirement of proceedings, imposed no new ground of forfeiture, but merely regulated the procedure against a member violating the existing prohibitions.

In *State, ex rel. Schrempf,* v. *Grand Lodge of Ancient Order of United Workmen of Missouri,* 70 *Mo. App.* 456, Schrempf made application, January 20th, 1879, to the defendant association for membership, agreeing that compliance, on his part, with all the laws, regulations and requirements which are or may be hereafter enacted by the said order is the express condition upon which he was to be entitled to participation in the beneficiary fund, and a certificate was issued. He was expelled September 30th, 1895, and his benefit certificate canceled. The charge against him was that he was a saloonkeeper and bartender. He confessed the

charge, but denied the right of the lodge to expel him for this reason. Schrempf began the business of saloonkeeper in 1891, and continued in it and was so engaged at the time of his expulsion.

In 1880 the Grand Lodge inserted in a certificate of medical examination which an applicant for membership was required to file with his application for membership a provision prohibiting a saloonkeeper from becoming a member of the order. This was regarded as a recognized law of the order. It was held that the right to amend its by-laws was necessarily inherent in such a corporation, and its members might reasonably expect that they would be amended; that he had agreed in advance that reasonable changes in the by-laws might be made; that the law was in force when he went into the saloon business; that the by-law was reasonably legal, and that therefore the member was bound by it.

*Loeffler* v. *Modern Woodmen of America (Wisconsin)*, 75 *N. W. Rep.* 1012: November 25th, 1889, the defendant issued to the plaintiff a benefit certificate liable to a forfeiture if plaintiff should not comply with such by-laws or rules as were or might be adopted. When the certificate was issued the plaintiff was engaged in the clothing business, and at that time there was a by-law to the effect that persons engaged in business as wholesalers and manufacturers of liquor, saloonkeepers and saloon bartenders, should not be admitted as members, but providing that such by-law should not be construed to invalidate certificates issued prior to December 1st, 1888. January 1st, 1892, plaintiff engaged in the business of a wholesaler of liquors, as a stockholder, officer and salesman of a corporation engaged in selling intoxicating liquors at wholesale, and so continued until the time of the trial of the action.

November 15th, 1892, this by-law was amended so as to read, in effect, that persons engaged in certain businesses and employments should not be admitted as members of the fraternity. Among these were wholesalers or manufacturers, those engaged in the business of saloonkeepers and saloon bartenders; that if after a person had become a member of

the fraternity he should engage in such employments or occupations, his certificate should be forfeited.   The court held that by the express terms of the contract the plaintiff was bound by the after-enacted by-laws.

In *Langnecker* v. *Trustees of Grand Lodge,* 111 *Wis.* 279, an after-enacted by-law was held effective under the following facts:  In October, 1881, a beneficial certificate was issued to Richter, being a saloonkeeper.  In his application he agreed to comply with all the laws, regulations, &c., of the defendant then existing or thereafter made.  In 1883, a by-law was adopted that if any member thereof' should engage in the saloon business, after August 1st, 1893, he should be expelled from the order.  Richter ceased to be a saloonkeeper in 1885, but re-entered the business in 1894, and died in 1897.

*Gilmore* v. *Knights of Columbia (Connecticut),* 58 *Atl. Rep.* 223:  Gilmore became a member in 1899.  His application contained an agreement to be bound by all by-laws, &c., then in force or which might thereafter be adopted.

When Gilmore joined the by-laws refused membership to those following certain occupations known as extra-hazardous; among these was that of freight brakeman, but that of switchman was not among them.  In 1890 the by-laws were so amended as to put switchmen on the list.  Gilmore was killed, in 1901, while acting either as freight brakeman or switchman, and it was held that the subsequently-enacted by-law was binding upon him.

Other cases holding after-enacted by-laws effective are: *Pain* v. *Societe St. Jean Baptiste,* 172 *Mass.* 319; *Fullinwide* v. *Supreme Council Royal League (Illinois),* 54 *N. E. Rep.* 485; *Messer* v. *Ancient Order of United Workmen (Massachusetts),* 62 *Id.* 252.

The by-law was self-executing and declares what the effect of its violation shall be upon the beneficiary certificate.  It says that any member who shall thereafter enter the liquor business "shall stand suspended from any and all rights to participate in the beneficiary fund of the order, and his beneficiary certificate shall become null and void from and after

the date of his so·engaging in said occupation, and no action of the lodge of which he is a member, or of the Grand Lodge, or any officer thereof, shall be necessary or a condition precedent to such suspension." The relator was not entitled to any notice or hearing to terminate the beneficiary certificate. *Langnecker* v. *Trustees Grand Lodge of Ancient Order of United Workmen, supra,* and cases cited.

The application for a *mandamus* will be denied, with costs.