## THE SANDOVAL ZINC COMPANY, Appellee, *vs.* THE NEW AMSTERDAM CASUALTY COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. INSURANCE—*when casualty company is liable for more than face of policy.* A casualty insurance company which wrongfully disclaims liability and withdraws from a damage suit against the insured after conducting the defense, as required by the policy, (which precluded the assured from interfering in the suit,) up to and including the obtaining of an order for an appeal and the filing of an appeal bond, is liable to the assured for more than the face of the policy if the damages sustained by the assured exceed that amount; but it is not liable for damages assessed upon the dismissal of the appeal on a short record.

2. APPEALS AND ERRORS—*whether condition of policy was waived is a question settled by Appellate Court's judgment.* Whether a condition of an insurance policy was waived by the company, as alleged in the declaration and found by the trial court in a suit by the assured, is a mixed question of law and fact, upon which the judgment of the Appellate Court is conclusive, and is not subject to review in the Supreme Court.

3. SAME—*when Supreme Court cannot enter a judgment to enable the appellee to recover proper damages.* In a suit at law tried without a jury, if no proposition of law stating the correct measure of damages was presented by the plaintiff and refused by the court and no proposition stating an incorrect measure was held by the court, the Supreme Court is without power, upon appeal by the defendant and an assignment of cross-error by the plaintiff, to enter a judgment which will enable plaintiff to recover the full amount to which it was entitled.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. S. L. DWIGHT, Judge, presiding.

This is an appeal by the New Amsterdam Casualty Company from a judgment of the Appellate Court for the Fourth District affirming a judgment for the sum of $2500 obtained by the Sandoval Zinc Company, appellee, against appellant, in the circuit court of Marion county, in a suit on a policy of insurance, called an employer's liability policy.

The declaration, as amended, alleges that on September 10, 1905, appellant, in consideration of $180 paid to it by appellee, issued its policy of insurance, in which it agreed to indemnify appellee against loss from liability imposed by law upon appellee for damages on account of bodily injuries or death accidentally suffered by any employee or employees of appellee while employed by it at its plant at Sandoval, Illinois; that said policy covered the period from September 10, 1905, to September 10, 1906. The policy of insurance is set out in full in the declaration, and contains, among others, the following provisions:

"*Condition B.*—Upon the occurrence of an accident the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the home office of the company in New York City, or to its duly authorized agent. If a claim is made on account of such accident the assured shall give like notice thereof, with full particulars. The assured shall at all times render to the company all co-operation and assistance in his power.

"*Condition C.*—If thereafter any suit is brought against the assured to enforce a claim for damages by reason of an accident covered by this policy and arising from a liability covered thereby, the assured shall immediately forward to the home office of the company every summons or other process as soon as the same shall have been served on him, and the company will at its own cost defend such suit in the name and on behalf of the assured. * * *

"*Condition D.*—The assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the company previously given, incur any expense or settle any claim except at its own costs, or interfere in any negotiations for settlement or in any legal proceeding. * * *

"*Condition M.*—No condition or provision of this policy shall be waived or altered by any one unless by endorsement hereon signed by an officer of the company at

the home office, nor shall notice to any agent, nor shall knowledge possessed by any agent or by any other person, be held to effect a waiver or change in this contract or in any part of it.

"*Condition O.*—The liability of the company for loss from an accident resulting in bodily injuries to or in the death of one person, only, is limited to twenty-five hundred dollars ($2500)." * * *

The declaration then alleges that on the 8th day of November, 1905, while the said policy was in full force, one Henry Hale, who was employed by appellee at its plant at Sandoval, Illinois, and who was one of its employees covered by said contract of insurance, sustained a bodily injury, for which appellee became liable for damages under the law; that by reason of such injury the said Hale, on December 21, 1905, brought suit in the circuit court of Marion county against appellee to recover damages for the said injuries; that appellant, knowing that appellee had not complied with conditions B and C of said policy of insurance, after said suit was brought waived said notice and began negotiations for a settlement, and assumed and took upon itself the management, control and defense of the said suit on behalf of appellee; that by reason of appellant having waived the giving of the required notice and by assuming and undertaking the defense of said suit, appellee was prohibited by condition D of said policy from interfering with any negotiations for settlement or legal proceedings in the cause; that on January 11, 1906, after a trial of the issues, a final judgment was rendered in said suit against appellee in favor of Hale for the sum of $2500 and costs of suit.

The declaration further alleges that on January 26, 1906, appellant appeared in said court in said cause in the name of appellee and excepted to the judgment rendered by the court and prayed an appeal to the Appellate Court for the Fourth District of Illinois, which was allowed upon the

filing of a bond in the sum of $3000 within thirty days and a bill of exceptions within sixty days; that on February 23, 1906, and within thirty days, at the instance and request of appellant, appellee caused to be filed in the office of the clerk of said court an appeal bond, which was approved by the court; alleges that under the conditions of said policy, after appellant had waived said notice, as aforesaid, and assumed the defense of said suit, it became the duty of appellant either to pay the said judgment or to prosecute and perfect said appeal to said Appellate Court or to indemnify and save appellee from paying said judgment, yet the appellant failed and neglected so to do; that afterwards, at the August term of said Appellate Court, on the motion of said Hale, said appeal was dismissed and a judgment rendered in his favor for the sum of $2500, together with five per cent damages and costs of suit; that afterwards, on September 11, 1906, said Hale commenced suit in the circuit court of Marion county against appellee on its appeal bond to recover said judgment, damages and costs, and on October 1, 1906, a judgment was rendered in said suit against appellee, in favor of Hale, for the sum of $2733.33, which judgment was satisfied by appellee on December 1, 1906; that appellant, though often requested, has not re-paid to appellee said sum of money or any part thereof, but has refused so to do, to the damage of appellee, etc.

To the declaration appellant interposed the general issue and filed a number of special pleas. When the cause was at issue it was tried before the court without a jury and resulted in a judgment in the sum of $2500 in favor of appellee. Appellant and appellee each submitted to the court certain propositions and asked that the same be held as the law governing the case, all of which were refused by the court.

The home office of appellant is located in New York City. The contract of insurance with appellee was issued

through a branch office of appellant located in the city of Chicago, in charge of C. J. Porter, the resident manager. The head offices of appellee were also located in Chicago. Hale received his injuries on November 8, 1905, at appellee's plant at Sandoval, Illinois, and a few days later made a claim to appellee for damages. It is admitted by appellant that due notice of the injury and of the claim made by Hale was received by it. On December 21, 1905, the claim not having been settled, Hale brought suit against appellee in the circuit court of Marion county, and the summons was made returnable to the January term of that court. On December 29, 1905, Robert F. Crabb, an attorney who was an investigator and adjuster for appellant, at its request went to Sandoval to effect a settlement, if possible, with Hale, and while at the Sandoval office of appellee he was shown a copy of the summons that had been served upon it in the suit brought by Hale. Neither the summons nor any copy thereof was ever forwarded by the appellee to the home office of appellant. On that day, December 29, 1905, Crabb reached an agreement for settlement with Hale, provided appellant would pay his attorneys. Crabb and Hale together went to Centralia to interview Hale's attorneys in regard to their fees. The attorneys demanded $150, which was more than Crabb had authority to pay without first communicating with the appellant, and for that reason a settlement was not effected at that time. Crabb then returned to St. Louis and submitted a report of his negotiations to appellant, and on January 8, 1906, after receiving an authorization from appellant to settle the claim for the amount demanded by Hale and his attorneys, wrote the attorneys asking for an appointment with their client for the purpose of settling the claim. He received no reply to this letter, and wrote them again to the same effect on January 12, 1906. On the preceding day, no appearance having been entered for the defendant, the attorneys for Hale took default, empaneled a jury and obtained a ver-

dict and judgment for $2500 against appellee. On January 16, 1906, the appellant was notified by appellee of the action that had been taken by Hale's attorneys, and it immediately communicated the fact to its attorney at St. Louis, who went at once to Salem, where the Marion county circuit court was in session. Under and by virtue of the authority conferred on appellant by the contract of insurance this attorney employed for appellant another attorney residing at Salem, and the two attorneys, by virtue of the power so conferred upon them, prepared and filed a motion for and on behalf of appellee to set aside the judgment and default and filed affidavits in support of such motion. Thereafter the motion was overruled. An appeal was then prayed by the same attorneys to the Appellate Court for the Fourth District on behalf of appellee, which was granted on filing a bond in thirty days and a bill of exceptions within sixty days. Appellant took no further steps in the case, and on February 13, 1906, wrote appellee from its New York office that the motion to set aside the default had been denied and that it had withdrawn from the case, and disclaimed liability under the policy because appellee had not forwarded the summons to the home office as required by condition C of the policy, and refused to take any further steps in the case unless appellee would stipulate in writing that a further appearance in the case would not be taken as an admission of liability on the part of appellant or a waiver of any of the conditions of the policy. This appellee refused to do, and thereafter filed an appeal bond within the time limited but failed to file a bill of exceptions, and some time thereafter the attorneys for Hale filed a short record in the Appellate Court and obtained a dismissal, with five per cent damages. Hale's attorneys brought suit on the appeal bond against appellee and recovered a judgment for the amount of the former judgment, interest and costs, which latter judgment has been satisfied by appellee.

The contention made here by appellant is, that appellee cannot recover on the policy because of its failure to comply with the terms of condition C of the contract. Cross-errors have been assigned by appellee challenging the action of the court in holding that the liability of appellant is limited by its policy to the sum of $2500.

LINN R. BROKAW, C. E. WISE, and KAGY & VANDERVORT, (C. P. ELLERBE, of counsel,) for appellant.

JUNE C. SMITH, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Condition B of the policy required that upon the occurrence of an accident the insured should give immediate notice to the insurer, and upon a claim being made on account of the accident that the insured should give like notice. Condition C provided that if suit was brought to enforce the claim the insured should immediately forward to the home office of the company the summons or other process as soon as the same was served upon him. Condition B was fully satisfied. The declaration averred, and the circuit court found, that appellant waived compliance by appellee with the provisions of condition C. The Appellate Court found the same way. The question whether there was such a waiver is a mixed question of law and fact, upon which the finding of the Appellate Court is final and not here subject to review. *Moerschbaecher* v. *Royal League*, 188 Ill. 9; *Coverdale* v. *Royal Arcanum*, 199 id. 649; *Ætna Life Ins. Co.* v. *Sanford*, 200 id. 126.

No material question open to consideration in this court is presented by appellant's assignments.

The amount of the judgment recovered was $2500. Appellee assigns cross-errors, and insists that the court erred in refusing a proposition of law submitted by it which reads as follows:

"The court further holds as a proposition of law that the plaintiff is not limited in the amount it can recover in this case by the limitation of $2500 fixed by said policy, but the plaintiff can recover in this case the whole amount of the judgment, together with the five per cent damages assessed by the Appellate Court, and all the costs, both in the circuit and Appellate Court, in the suit of Henry Hale against the plaintiff, and also the costs in the suit subsequently brought by said Henry Hale against the plaintiff on the appeal bond, which the plaintiff was compelled to and did pay."

When the appellant notified the appellee that it denied liability in the matter, the appellee was under no obligation whatever to proceed further in the litigation. Thereafter appellee filed its appeal bond, and the five per cent damages mentioned in the foregoing proposition was assessed against appellee by the Appellate Court upon Hale filing in that court a short record and obtaining a dismissal of the appeal. No reasonable theory has been suggested upon which the insurer could be held liable for that five per cent. We think that appellee was entitled in this case to recover more than $2500, the bare face of the policy. No proposition of law, however, was presented by it and refused by the court stating the correct measure of damages and no proposition stating an incorrect measure was held by the court. We are therefore without power, in the present condition of the record, to enter any judgment which will enable appellee to recover the entire amount to which it was entitled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*