JOHANNA POLD, Appellant, vs. THE NORTH AMERICAN
UNION, Appellee.

*Opinion filed December 17, 1913—Rehearing denied Feb. 16, 1914.*

1. BENEFIT SOCIETIES—*suicide by-law is authorized though the charter provides for payment upon death of the member in good standing.* The fact that the charter of a benefit society provides for the payment of the amount of the benefit certificate to the beneficiary upon the death of the member *in good standing,* does not preclude the adoption of a by-law providing that in case a member commits suicide the beneficiary shall receive only the amount paid in by the member to the mortuary and reserve fund.

2. SAME—*when by-law adopted after party becomes a member is binding upon him.* Where a person agrees, upon becoming a member of a benefit society, to be bound by all laws, rules and usages then in force or which may thereafter be adopted, he is bound by subsequent by-laws of the society authorized by law and regularly adopted.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.

GEORGE F. BARRETT, and EDMUND S. CUMMINGS, for appellant.

ROBERT S. ILES, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Johanna Pold, widow of Robert Pold, brought an action of assumpsit in the municipal court of Chicago to recover $4000 upon a benefit certificate issued by the North American Union to Robert Pold in which his wife is named as the beneficiary. Upon a trial in the municipal court without a jury a judgment was rendered against the defendant below for $336.72, which was the aggregate amount of the payments of the deceased member to the mortuary and reserve fund of the order. The defendant admitted its lia-

261 – 28

bility to pay the above sum and pleaded a tender thereof, and brought that amount into court for the benefit of the plaintiff. The plaintiff below sued out a writ of error from the Appellate Court for the First District, and that court affirmed the judgment below and granted an appeal and a certificate of importance, under which the plaintiff below has brought the record to this court for further review.

The facts which are either admitted by the pleadings or established by the testimony are, in substance, as follows: Appellee is a fraternal beneficiary society organized under the laws of Illinois for the purpose of making provision for the payment of benefits in case of disability and death, or either, resulting from disease, accident or old age of its members. On February 16, 1898, Robert Pold became a member of appellee and obtained a certificate by which appellee promised to pay out of its mortuary fund to Johanna Pold, wife of the member, the sum of $4000 in accordance with the provisions of the laws governing said fund, upon satisfactory proofs of the death of said member, provided that said member is in good standing in the association at the time of his death. One of the conditions written into the certificate obligated the member to comply with all the laws, rules and regulations governing the said North American Union or "that may hereafter be enacted to govern the same, all of which said laws, rules and regulations are also made a part of this contract." The certificate sued on contains the following indorsement:

"I accept this certificate and agreement on the conditions herein above named and assent thereto and agree to comply therewith.
ROBERT POLD."

The medical examiner's blank introduced in evidence contains the following:

"If accepted as a member I agree to comply with, and that my membership and all interests of the persons entitled to such benefits shall be subject to, all laws, rules and usages now in force in the order or which may be hereafter adopted by it.
ROBERT POLD."

At the time Robert Pold became a member of the society a by-law was in force which provided that if any member shall die by his own hand or act, sane or insane, his beneficiary or beneficiaries shall receive one-half of the face value of the certificate. Afterward, and prior to the death of Robert Pold, the above by-law of the society was amended, so that at the time of the death of Pold the by-law provided that if a member shall die by his own hand or act, either sane or insane, such death shall forfeit any and all rights and claims to the amount agreed to be paid on his death and specified in the benefit certificate of such member, and the beneficiary shall receive and be paid in lieu thereof a sum equal to the amount actually paid by such member to the mortuary and reserve fund of the order, unless it is otherwise provided in and by the benefit certificate of such member issued prior to the taking effect of this section. It is admitted that Pold died by suicide from gas poisoning on March 31, 1908.

Under the original charter of the society the object of the association was defined to be "to establish mortuary benefit funds, from which shall be paid, upon the death of a beneficiary member in good standing," etc., and by the fifth clause it was provided that "upon the death of a member *in good standing* there shall be paid to his beneficiary or beneficiaries the sum specified in his benefit certificate."

Appellant first contends that under the above provisions appellee bound itself absolutely to pay the beneficiary, upon the death of the member, the amount named in the benefit certificate upon the sole condition that he should have died a member of the society *"in good standing."* It is argued that Pold had paid all assessments made upon him and was in good standing in the society at the time of his death and that his good standing was not impaired by his suicide, and this contention, to the extent that suicide does not impair the good standing of a member, is well established by authorities. (*Royal Circle* v. *Achterrath*,

204 Ill. 549, and cases there cited.) Appellant's argument seems to be, that since the charter of the society provided for the payment of death benefits in all cases where the member was *in good standing at the time of his death,* there was no power in the society to make the payment dependent upon any condition that did not affect the good standing of the member at the time of his death. Under its general power to make contracts for death benefits with its members, the power existed to insert a clause of forfeiture of the benefits in case of suicide by the member when such clause was authorized by a by-law regularly adopted by the association. We have no doubt that this power could be exercised under the laws of 1893. In *Supreme Lodge Knights of Pythias* v. *Kutscher,* 179 Ill. 340, this court held that a by-law forfeiting claims for the death of a member of a benefit society by suicide or intoxication is reasonable and binding upon a member joining before its passage, where his contract requires compliance with by-laws "now in force or hereafter enacted." This case has been followed in *Fullenwider* v. *Royal League,* 180 Ill. 621, *Baldwin* v. *Begley,* 185 id. 180, and *Scow* v. *Royal League,* 223 id. 32. The suicide by-law of this society is not void because contrary to the provisions of the charter of the association. The amendment of the by-law forfeiting all benefits in case of suicide of the member was properly adopted by appellee. That provision being in full force at the time of the death of Pold by suicide, there is no liability under the certificate except to re-pay the amount of his contributions to the mortuary fund. This amount was paid into court for the benefit of appellant.

The judgments of the municipal court and of the Appellate Court for the First District are affirmed.

*Judgment affirmed.*