The People v. Sup. Lodge Mod. Amer. Frat. Order, 204 Ill. App. 559.

and about the house, plastered mud on the porch, and drove plaintiff and his wife into a closet in terror, and both the city mayor and the marshal knew of such actions on the part of the crowd but took no steps to stop same, *held* that a verdict and judgment for the defendant were against the manifest weight of the evidence.

2. TRIAL, § 195*—*when instructing of verdict improper.* Where there is evidence tending to support the contention of both parties, the trial court cannot instruct a verdict.

# The People of the State of Illinois ex rel. William Hardin, Appellee, v. Supreme Lodge Modern American Fraternal Order, Appellant.

1. INSURANCE, § 763*—*what period covered by incontestability clause.* A clause in a certificate of membership in a fraternal beneficial society that such certificate should be incontestable after remaining in force a certain number of years, *held* to relate only to conditions existing at the time the certificate was issued and not to subsequent breaches of the contract.

2. INSURANCE, § 744*—*when application part of certificate.* Where a certificate of membership in a fraternal beneficial society referred to and made a part of such certificate the member's application for membership, *held* that the application must be read into and with the certificate.

3. INSURANCE, § 747*—*when subsequently enacted by-law as to forfeiture of membership for engaging in prohibited occupation is valid.* Where the application for membership of a member of a fraternal beneficial society provided that should the applicant engage in any occupation designated as hazardous he should stand suspended as a beneficiary member so long as he was so engaged; that no notice from any officer of the society should be necessary to cause his suspension; that no recovery should be had on the certificate issued on such application, and that the application and the laws of the society then in force or thereafter promulgated were a part of the contract of insurance of the society, all laws, rules and regulations of which the applicant promised to obey and contorm to, and the certificate issued on such application provided that the application, laws, rules and regulations of the society then in force or thereafter adopted were a part of the contract,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

560 APPELLATE COURTS OF ILLINOIS.

The People v. Sup. Lodge Mod. Amer. Frat. Order, 204 Ill. App. 559.

*held* that a law of the society adopted more than three years after the issuance of such certificate, prohibiting the admission to the society of a class which was at the time of such application and issuance of certificate designated only as hazardous, and providing that any member engaging in the business of the prohibited class should thereby forfeit his membership and that no recovery should be had on such certificate, would be binding upon such member, notwithstanding a provision in such certificate that it should be incontestable after three years.

Appeal from the Circuit Court of Logan county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

KING & MILLER, for appellant; DAVID L. WRIGHT, of counsel.

MCCORMICK & MURPHY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Appellee, William Hardin, filed a petition praying for a writ of mandamus directed to the Supreme Lodge Modern American Fraternal Order, commanding it to accept monthly dues and mortuary payments accrued and to accrue on account of a certificate of membership issued to petitioner in the defendant Order, and to reinstate petitioner in all the rights and benefits of a member in good standing in the defendant Order.

The petition sets forth a copy of the application for membership, the certificate of membership issued to petitioner dated June 19, 1901, with a copy of the by-laws then in force and the amendments and additions thereto since that time, with certain correspondence between petitioner and the supreme secretary of the Order in which the Order claims to have canceled the membership certificate issued to petitioner for the reason that he is engaged in the saloon business.

The defendant filed a special demurrer to the peti-

tion on the ground that the petitioner is not entitled to the writ on the facts pleaded. The court overruled the demurrer, and defendant, standing by its demurrer, a writ of mandamus was ordered as prayed. The defendant appeals.

The application for membership signed by appellee June 17, 1901, contains the statement: "I further agree that shall I engage in any of the occupations designated as hazardous I shall stand suspended as a beneficiary member so long as I am engaged in such hazardous occupation, and no notice from any officer shall be necessary to cause my suspension, and in such case no recovery shall be had upon the certificate issued on this application * * *. This application and the *laws of the Supreme Lodge now in force or which may be hereafter promulgated* are made a part of my contract of insurance with the Modern American Fraternal Order, and I agree to obey and conform to all the laws, rules and regulations of the Order."

The certificate states that it is issued upon condition that the application "together with the *Laws, Rules and Regulations of the Order, now in force or hereafter adopted, be and are hereby made a part of this contract.*"

At the time appellee joined the Order, by-law No. 28 provided under the heading "Hazardous occupation:" "No person shall be admitted to membership in the beneficial department who is engaged in either of the following occupations: Manufacturers of gun powder * * * and persons engaged in the sale of malt or spirituous liquors as a beverage, either as agent, clerk or principal.

"Any beneficial member engaging in any of the above hazardous occupations, who shall come to his or her death as a result of such hazardous employment, shall not be entitled to recover from the Order on his or her benefit certificate for such death."

In August 1901, the by-laws were amended and a section entitled "Prohibited risks" adopted. This section provides that "saloon keepers and bartenders" and certain other occupations shall not be admitted to membership, and if any member should engage in the prohibited occupations and come to their death or meet injury as a result of such prohibited occupation, no recovery could be had on the certificate.

In 1910, the by-law concerning prohibited risks was again changed in wording only, the substance remaining the same so far as it affected saloon keepers.

In May, 1914, the by-law concerning "Prohibited risks" was again changed. The effect of this change was not only to prohibit the admission of "manufacturers of gun powder * * * saloon keepers and bar tenders," but it further provided that if "any beneficiary member engage in any of the above prohibited occupations ·* * * such member shall thereby forfeit his or her membership and no recovery can be had on his or her certificate."

The appellee engaged in the business of keeping a dramshop in the City of Lincoln, in December, 1904. In September, 1915, the supreme secretary of appellant wrote to appellee asking him if he was engaged in the saloon business or as a bartender? He answered stating that he "was then in the saloon business." Thereupon the supreme secretary wrote a letter to appellee stating that the appellant in May had passed the amended by-law forfeiting all certificates held by saloon keepers, and that the amendment had been published in the official paper of the Order and the local lodges notified of the amendment and informing appellee that his benefit certificate was canceled under the amendment. In ·the letter was included a check for $17.60 covering all payments made to the Order by appellee since May, 1914. The appellee tendered back the check and a sum equal to all dues and assess-

ments that would have been made on his certificate had it remained in force.

The certificate contains a clause that it shall be incontestable after remaining in force three full years after its date. Appellee contends that by virtue of that provision the appellant could not avoid the certificate for any reason. That clause only relates to conditions existing at the time the certificate was issued and not to subsequent breaches of the contract. *Weil v. Federal Life Ins. Co.*, 264 Ill. 425; *Flanigan v. Federal Life Ins. Co.*, 231 Ill. 399. Such stipulations give the insurer a limited time in which to ascertain the truth of the representations made to obtain it, but cannot control and prohibit a fraternal organization from adopting reasonable by-laws at any time for the conduct of its members, where the application and the certificate both provide that the certificate is issued on condition that the laws of the Supreme Lodge now in force or which may hereafter be promulgated are made a part of the contract. The right to modify the contract by new or amended by-laws is clearly reserved by apt words in the certificate, and the application states that the laws of the Supreme Lodge now in force or which may hereafter be promulgated are a part of the contract. That provision of the certificate has no effect on the issue here involved.

The controlling question is, did the appellant have the right to pass a by-law which would automatically deprive appellee of his membership because he had become a saloon keeper? It is contended on behalf of appellant that a by-law of a benefit society which provides for the forfeiture of all beneficial rights of a member who engages in the saloon business is not unreasonable and that it is legal, and that under the facts stated in the petition the by-law adopted in 1914 was valid and binding on appellee. By-law 28, of the appellant, adopted in 1897, classed all persons engaged

in selling liquors as being in a hazardous business, and provided that no member engaged in such business, who should die or be injured because of such employment, should be entitled to benefits from the Order. In the application for membership signed by appellee, while by-law 28 was in force, he agrees "that shall I engage in any of the occupations designated as hazardous I shall stand suspended as a beneficiary member so long as I am engaged in such hazardous occupation, and no notice from any officer shall be necessary to cause my suspension."

After the appellee had been a beneficial member for a little over three years he engaged in the business of running a saloon. The changes in the by-laws in 1901 and 1910 only changed "hazardous risks" to "prohibited risks" and changed the description of sellers of "malt or spirituous liquors as a beverage" to "saloon keepers and bartenders."

The amendment of 1914 is more drastic than the by-law of 1897, in that it provides that any beneficial member engaging in any of the prohibited risks shall be suspended. The appellee in his application agreed that, if he should engage in any of the hazardous occupations, which included selling liquor, he should stand suspended as a beneficiary member and no notice was required to cause his suspension. The by-laws "which may be hereafter promulgated" are made a part of the contract and he agreed to obey and conform to all the laws, rules and regulations of the order. The application is referred to and made a part of the certificate and must be read into and with it. *Fullenwider v. Royal League*, 180 Ill. 621; *Royal Arcanum v. McKnight*, 238 Ill. 349.

The case of *Moerschbaecher v. Supreme Council Royal League*, 188 Ill. 9, 88 Ill. App. 89, is one where the question involved was very similar to the question in this case. In the *Moerschbaecher* case the by-law

in force when the certificate was issued provided for certain action by the order to suspend the beneficial rights of any member who entered into a prescribed business after becoming a member. A later by-law provided that the entering into the prescribed business should of itself operate to suspend beneficial rights. The member accepted the certificate subject to the by-laws in force and such amendments as might be made. It was said by the Appellate Court: "The stipulation entered into by the insured upon joining the Order is an express contract that his membership certificate shall be of no force to create beneficial rights while he should be engaged in the business prohibited by the laws of the Order  *  *  *. The current of authority is to the effect that special contracts voluntarily and fairly entered into by the insured will be enforced. In other words, that while the law may in like cases relieve from a by-law which is unreasonable or oppressive, it will not relieve from a specific contract into which the member of the mutual association has freely and fairly entered with his co-members." The Supreme Court in affirming the Appellate Court said: "The power and right to pass it (the new by-law) was reserved when said Peter was admitted to membership and he expressly covenanted to obey and be bound by all the laws adopted. We cannot say it was unreasonable, and, conceding that it could not be given retrospective effect, it was clearly effective and legal prospectively." *Supreme Lodge Knights of Pythias v. Kutscher,* 179 Ill. 340; *Pold v. North American Union,* 261 Ill. 433. "A party cannot claim the right to have a contract remain unaltered when the contract itself provides that it may be changed." *Baldwin v. Begley,* 185 Ill. 180; *Royal Arcanum v. McKnight, supra; Supreme Lodge K. of P. v. Trebbe,* 179 Ill. 348; *Fullenwider v. Royal League, supra; Norton v. Catholic Order of Foresters,* 138 Iowa 467, 24 L. R. A. (N. S.) 1030; *Supreme Lodge K. P. v. Knight,* 117

566        APPELLATE COURTS OF ILLINOIS.

The People v. Sup. Lodge Mod. Amer. Frat. Order, 204 Ill. App. 559.

Ind. 489; *Schmidt v. Supreme Tent of Knights of Maccabees*, 97 Wis. 528; *Loeffler v. Modern Woodmen*, 100 Wis. 79. In the following cases it was held that a change in the by-laws whereby members were forbidden to engage in the retail liquor business under penalty of forfeiture of all their rights was valid as to members who had joined when such occupation was not forbidden and who, after such change was adopted, engaged in such business, and writs of mandamus to reinstate the relators were denied. *State ex rel. Strang v. Camden Lodge, A. O. U. W.*, 73 N. J. L. 500, 64 Atl. 93. (This case is nearly identical with the case at bar.) (*State ex rel. Schrempp v. Grand Lodge A. O. U. W.*, 70 Mo. App. 456; *People ex rel. Goett v. Grand Lodge A. O. U. W.*, 32 N. Y. Misc. 528, 67 N. Y. Supp. 330.)

In this case the application which is a part of the contract contained the agreement of appellee "that shall I engage in any of the occupations designated as hazardous I shall stand suspended as a beneficiary member as long as I am engaged in such hazardous occupation," and no notice shall be necessary to cause my suspension, and "the laws of the Supreme Lodge now in force or which may be hereafter promulgated are made a part of my contract," and I agree to obey and conform to all the laws, rules and regulations of the Order. Under these facts and the law as announced in the authorities cited, the relator was not entitled to the mandamus as prayed and the court erred in overruling the demurrer. The judgment is reversed and the cause remanded with instructions to the trial court to sustain the demurrer.

*Reversed and remanded with directions.*