RUFUS OGDEN

*v.*

CALVIN LUCAS.

1. PLEADING AT LAW—*plea amounting to the general issue.* Where a plea amounts simply to the general issue, and is, for that cause, obnoxious to a special demurrer, a general demurrer thereto should be overruled.

2. ACTION—*trespass or trover.* Where the tenant of one person borrowed some rails from another, and built them into a fence and corn-bin on the land occupied by the borrower, and afterwards a third person purchased such land without notice as to the ownership of the rails, the remedy of the owner of the rails, after a demand and refusal, is by action of trover, not trespass.

3. SALES—*of personal property—rights of purchasers.* In an action of trespass to personal property, the court instructed for the defendant, to the effect that unless the purchaser of a field of corn gathers it within a reasonable time after it matures, the owner of the field may turn in his cattle, without responding to his vendee for the damage suffered by the destruction of the ungathered crop; *Held,* that this was erroneous.

4. In such case, the purchaser is not only entitled to a reasonable time after the crop matures, to gather it, but to a reasonable time after notice given by the vendor.

5. DAMAGES—*measure of—in action of trespass to personal property—entire accuracy not required.* It is equally erroneous in such case for the court to instruct the jury that they could not find for the plaintiff, unless they could determine from the evidence, with mathematical precision, the exact amount of damage done. Entire accuracy, in such cases, is impossible ; and it is for the jury, upon the evidence adduced, to consider and arrive at as near an estimate of the damages sustained as the nature of the case will allow.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. STEWART & PHELPS, for the appellant.

Messrs. FROST & TUNNICLIFF, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Ogden against Lucas, for trespass to personal property. The jury found a verdict for the defendant, on which judgment was rendered.

The first error assigned is upon overruling the demurrer to the fifth additional plea, as it is termed by counsel. That plea is to so much of the declaration as charges the defendant with wrongfully taking certain rails, and it sets up that the rails were borrowed from the plaintiff by one Holt, and by him built into a fence and corn-bin, on a certain piece of land which Holt occupied as a tenant of one Lucas, from whom the defendant bought the land without notice that plaintiff owned the rails.

This plea may have been liable to a special demurrer, on the ground that it amounted to the general issue, but the demurrer in this case being general, was properly overruled. The plea was substantially good, as it showed a state of facts, in which the plaintiff's remedy, after a demand and refusal, would have been trover and not trespass.

The second and third instructions for the defendant were wrong. In both, the jury were substantially told, that unless the purchaser of a field of corn gathers it in a reasonable time after it is fit for gathering, the owner of the field may turn in his cattle, without responding to his vendee for any damage he may suffer by the destruction of his ungathered corn.

This is not the law. The purchaser of the corn must not only have a reasonable time after the crop matures, but the vendor must give the vendee notice, and a reasonable time after such notice, to gather the corn. This is the only reasonable rule, as, without such notice, the vendee may well suppose it a matter of indifference to the owner of the land when the crop is gathered, so that it is got out of the way before the land is again needed for tillage.

The fourth instruction for the defendant would tend to mislead the jury. They would understand from it that they could not find a verdict for the plaintiff, unless they could determine from the evidence, with mathematical precision, how much of the corn had been destroyed by plaintiff's cattle. In cases of this sort, entire accuracy is impossible. The jury had a right to consider from the evidence how much corn had been destroyed, and what proportion of the cattle in the field were turned in by the defendant, and thus arrive at as near an estimate of the damages as the nature of the case would permit.

The judgment is reversed and the cause remanded.

*Judgment reversed.*