D. W. POWERS, *et al.*, v. AMOS KINDT.

1. PRACTICE IN SUPREME COURT; *Error must be Specified.* Only such alleged errors as are specifically pointed out by counsel, will be considered by this court. When counsel claim that the testimony does not support the findings, without pointing out which finding is objected to, or wherein the testimony fails to support it, this court will not ordinarily look through a lengthy record to see if there be not some particular fact unsupported by testimony.

2. WANTON AND WILLFUL TRESPASS; *Fences.* In an action for damages by cattle to growing crops, proof that the growing crops were not enclosed by a legal and sufficient fence will not defeat the action, when it appears that the cattle were driven upon the premises by their owners, and that the latter were guilty of a wanton and willful want of care.

3. TRESPASSES BY CATTLE; *Apportionment of Damages.* Where growing crops are destroyed by trespassing cattle belonging to two parties, trespassing repeatedly through the season, and where in the nature of things it is impossible to distinguish between the trespass of one lot of cattle and that of the other, or to determine the actual amount of damage done by either separately, and where the district court apportioned the damage according to the number of cattle belonging to the respective parties, and allowed the owner of the crops to recover in an action against one of the parties only the proportion of the damages given by such apportionment, *held,* that such party had no grounds to complain of the amount of the judgment.

*Error from Saline District Court.*

TRESPASS, brought by *Kindt,* against *David W. Powers,* and two others, to recover damages for injuries committed by defendants' cattle to growing crops of plaintiff. The facts are sufficiently stated in the opinion of the court. The district court, at the November Term 1872, found in favor of the plaintiff, and gave judgment accordingly, and the defendants bring the case here on error.

*John G. Spivey,* for plaintiffs in error:

1. The conclusions of fact by the court are not findings as conclusions of fact from the testimony, but merely a report on the evidence, and insufficient to sustain the judgment; and

said conclusions of fact are not sustained by the evidence, and do not sustain the judgment.

2. The court having found that defendant in error had no legal fence or enclosure around his premises, and failing to find (as the evidence clearly fails to show) that plaintiffs in error were guilty of driving and herding their cattle on the premises of defendants in error as alleged, is fatal to the judgment of the court.

3. The finding of the court that the cattle of witness Hughes and others, jointly with cattle of plaintiffs in error, caused certain portions of damages complained of, is fatal; and the more clearly so because the evidence of defendant in error and others shows that the cattle of other parties, and even of Kindt, defendant in error, did damage to said crops and premises.

4. The testimony showing that plaintiffs in error were the owners of premises used as a cattle-ranch, adjoining those of defendant in error, and also showing that plaintiffs in error employed men to keep their cattle from the crops and premises of defendant in error, surely does not render them liable in damages as having driven and herded their cattle on premises and crops of defendant in error, or sustain such allegation, when they (plaintiffs in error) would not have been liable if they had turned their cattle loose and they had roamed on premises of defendant in error and destroyed his crops, if that had been alleged.

5. The testimony does not show any just or true rule for measuring damages of defendant in error.

*E. W. Hodgkinson,* and *Case & Putnam,* for defendant in error:

The court's findings are, gross negligence, and wanton and willful trespass on the part of Powers & Co., and the amount of damages, and that Kindt was guilty of negligence in not having a legal fence only, except as to corn in crib, and in that respect had a legal fence. If the testimony warrants such findings, there is no error in the case. That it does, there is no doubt. And this court has decided that where a

trespass is wantonly and maliciously committed, the injured party may recover; (5 Kas., 445, 446;) and in the case at bar the evidence clearly shows wanton and malicious trespass.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought his action in the district court and recovered a judgment for damages to his growing grass and corn done by the cattle of plaintiffs in error during the years 1869, 1870 and 1871. Several points are presented by counsel for plaintiffs in error in his brief, some of which we do not feel called upon to notice, as for instance where he claims that the conclusions of fact are not sustained by the evidence, without specifying which particular finding he objects to, or wherein the testimony fails to support it. With the increasing pressure of business in this court we have not time to notice any but such objections as are specifically and clearly pointed out.

<p style="margin-left:2em;text-indent:-2em;">1. Alleged error must be specified.</p>

It is insisted that because the findings show that Kindt had no legal fence or enclosure around his premises he was not entitled to recover. But the court also finds that Powers' cattle were driven and herded upon the premises of Kindt against his wishes and consent, and while so driven and herded destroyed the property as alleged; and as a conclusion of law, from the various facts found, that Powers was guilty of a wanton and willful want of care. This brings the case within the rule laid down in *Larkin v. Taylor*, 5 Kas., 433, 446. It is claimed that because the plaintiffs in error employed herders to watch their cattle and keep them off from other parties' crops and premises, they could not be held liable where they would not have been held liable if they had simply turned them loose and they had roamed upon Kindt's premises and done the damage complained of. This ignores the fact that the court finds that these cattle were driven and herded upon Kindt's premises, which brings in the element of gross negligence, or wanton and willful want of care. It is true, the testimony is conflicting on this point; but there is positive testimony to

<p style="margin-left:2em;text-indent:-2em;">2. Wanton and willful trespass. Fences.</p>

support the finding, and of course this must be taken as conclusive.

Another objection is, that, as to one item of damage, it was not done by the cattle of plaintiffs in error solely, but that other cattle were with theirs, and assisted in the destruction. The finding is that in 1870 Powers' cattle, to the number of 600, were driven and herded upon Kindt's premises, and that they, with 25 head of cattle belonging to one Hughes, ate up and destroyed 100 acres of grass of the value of one dollar an acre. The total amount of damage would then be one hundred dollars caused by 625 head of cattle. ' There is nothing in the findings or testimony tending to show how much of this damage was done by any specific cattle, and in the nature of things it could not well be shown. The cattle as appears from the testimony were off and on the premises, sometimes but two or three and sometimes all of them together. It would be impossible under such circumstances to show what damage each particular steer or number of steers did. Would the plaintiff thereby lose all redress? Clearly not. The court apportioned the damage according to the number of cattle belonging to the respective parties. Finding that 625 cattle had destroyed one hundred dollars' worth of grass, the owners of 600 head were held responsible for $96.00 of the damages. We do not mean to decide that this rule of apportionment is one that ought always to be enforced; but we do hold that the plaintiffs in error have no ground to complain of it. These are the only questions that seem to demand especial notice, and no error appearing in them the judgment will be affirmed.

All the Justices concurring.

*3. Trespass by cattle of several owners.*