EMMA P. JENKINS (PLAINTIFF BELOW), PLAINTIFF IN ERROR, v. THE PENNSYLVANIA RAILROAD COMPANY (DEFENDANT BELOW), DEFENDANT IN ERROR.

Argued December 5, 1901—Decided March 3, 1902.

1. In an action of tort against a railroad company for negligently operating its locomotives in such manner as to cause them to emit smoke denser and more offensive in quality, and greater in volume, than reasonably required for the proper operation of the railroad, to the injury of plaintiff's property situate near to the railroad, where the evidence shows such negligent operation and substantial damage to the plaintiff's property directly attributable thereto, it is erroneous for the trial court to limit the plaintiff's recovery to nominal damages on the ground of the inherent impossibility of determining how much of the damage was caused by smoke necessarily emitted in the careful operation of the railroad and how much was caused by the smoke that was due to negligent operation.

2. In an action of tort, if it be impossible in the nature of the case to distinguish between the damage arising from the actionable injury and damage which has another origin, the jury should be left to make, from the evidence, the best estimate in their power as reasonable men and award to the plaintiff compensatory damages for the actionable injury.

---

On error to the Supreme Court.

For the plaintiff in error, *Holt & Van Dike* and *Linton Satterthwait.*

For the defendant in error, *Alan H. Strong* and *Charles E. Gummere.*

The opinion of the court was delivered by

PITNEY, J. This was an action of tort. The gist of the plaintiff's declaration was that the defendant, in the operation of its railroad, negligently, unskillfully and unnecessarily caused dense smoke and noxious, penetrating and discoloring vapors and offensive odors, in greater quantities than were required for the legitimate and proper use and operation of the railroad, to arise and ascend near to, through and about the plaintiff's dwelling-house, situate near the railroad, thereby rendering the house uncomfortable and unhealthy and unfit for habitation, and injuring the furniture and other personal property of the plaintiff therein contained.

At the trial evidence was introduced tending to show that smoke in great quantities, emitted from the locomotives upon the defendant's railroad, was carried to and upon the plaintiff's premises, causing substantial damage to the dwelling-house and its contents. The plaintiff also introduced evidence tending to show negligent firing of defendant's locomotives, and that thereby smoke was produced denser, darker in color and greater in volume than was reasonably required for the proper operation of the railroad, and that, by the exercise of due care and skill on the part of defendant's employes in firing the locomotives, much less smoke would have been produced. The contention on the part of defendant was that its locomotives were properly fired, and that such smoke as had been produced was no greater in quantity and no more offensive in quality than was necessarily produced in the proper and careful operation of the railroad.

Upon the question of damages the trial judge charged the jury, in effect, that the burden rested upon the plaintiff to show the jury, by proof, how much of the damage she claimed to have suffered was the result of negligence on the part of the railroad company; that the evidence was in such shape that no twelve men could say how much of the damage was the result of carelessness in firing and how much was necessarily incident to the careful operation of the railroad; that there was no way by which the jury could rightly apportion

the damage, and to attempt to do so would be mere guesswork; and that therefore, if the plaintiff was entitled to any damages at all, she could recover only nominal damages. To this part of the charge exception was taken.

The jury, by their verdict, found the defendant guilty of the negligence charged in the declaration, and assessed the plaintiff's damages at six cents. Judgment having been entered thereon, the plaintiff now assigns error upon that portion of the charge just referred to.

The bill of exceptions shows that the state of the proofs was, in fact, such that no twelve men could tell, with accuracy, how much of the damage was the result of carelessness in firing and how much was necessarily incident to the careful operation of the road; and this for a reason that inhered in the nature of the case, and consequently was unavoidable by the plaintiff. The damage was caused by clouds of smoke proceeding from the defendant's locomotives, and those clouds were formed in part of smoke conceded to have been necessarily emitted in the careful operation of the locomotives and in part of other smoke alleged by the plaintiff and found by the jury to have been unnecessarily emitted in the negligent operation of the locomotives. It was as impossible for the plaintiff to adduce evidence separating the unnecessary from the necessary damage as for the defendant to split up each smoke cloud into two, label one "necessary" and the other "unnecessary," and send them separately to the plaintiff's premises.

The question is whether, in a case where the proof shows that a railroad company has been guilty of a breach of duty in the respect indicated, and substantial damage has thereby accrued to an adjacent property owner, the right to recover substantial damages must be denied by reason of the inherent impossibility of distinguishing between such damage as is necessarily incident to the careful operation of the road and such as arises from the negligent and unskillful management of the road. It is obvious that if the property owner must be confined to nominal damages in such a situation, it is the

334    COURT OF ERRORS AND APPEALS.

Jenkins v. Penna. R. R. Co.        67 *N. J. L.*

same, in effect, as to say that he is entitled to no recovery. In our opinion this is not the law.

The situation is one that is not very unusual in actions of tort. It many times happens that the damage arising from an actionable injury chargeable to the defendant · is, in the nature of things or from the circumstances of the case, indistinguishable from other damage occurring at the same time, attributable to the acts of an independent tort-feasor or to natural causes. In such cases, since the injured party cannot supply the materials necessary to enable the jury to make an exact computation of the damages in suit, the approved practice is to leave it to the good sense of the jury, as reasonable men, to form, from the evidence, the best estimate that can be made under the circumstances as a basis of compensatory damages for the actionable injury.

In *Ogden* v. *Lucas*, 48 *Ill.* 492, which was an action to recover damages for the destruction of corn by trespassing cattle, where it appeared that a part of the cattle were the property of others than the defendant, the court said: "In cases of this sort entire accuracy is impossible. The jury had a right to consider, from the evidence, how much corn had been destroyed and what proportion of the cattle in the field were turned in by the defendant, and thus arrive at as near an estimate of the damages as the nature of the case would permit." To the same effect is *Harrison* v. *Adamson*, 86 *Iowa* 693.

*Washburn* v. *Gilman*, 64 *Me.* 163, was an action upon the case for a nuisance occasioned by casting refuse material out of the defendant's saw mill into a natural stream, whence it was carrried by a spring freshet upon plaintiff's land. The court held the defendant liable for the damages arising from his own wrongful or negligent act, but not for those arising from the negligent acts of others, saying: "The difficulty may be great of accurately apportioning and assessing the damages done by the defendant, but that difficulty the defendant would have avoided had he taken due care that no occasion should arise requiring such assessment of damages."

*Phillips* v. *Phillips,* 5 *Vroom* 208, was an action to recover damages for overflowing lands of the plaintiff, where it appeared that the flowing was due partly to the defendant's acts and partly to natural causes. The late Chief Justice Beasley charged the jury as follows: "It seems to be obvious that all water which flows on the plaintiff's land must necessarily occasion damage to him. There is no reason in saying that because his land would be overflowed in the natural condition of that water, that no harm is done in augmenting such inundations. The larger the augmentation of water, it would seem the greater the injury would be by reason of such increase. It is a question for the good sense of the jury."

*Chicago and Northwestern Railway Co.* v. *Hoag,* 90 *Ill.* 339, was an action against the railway company to recover damages for causing and permitting water to flow and escape from a water tank of defendant to and upon the land of the plaintiff. It appeared that the whole of the water which damaged the plaintiff did not come from the tank, but that, to some extent, it was surface water, which flowed down from the hillside above. In view of this fact, the following instruction was requested by the defendant, the refusal to give it being assigned for error, viz.: "If the jury cannot, from the evidence, determine what part or portion, if any, damages was occasioned by the water escaping from the tank, then in no event can they find for the plaintiff more than nominal damages on account of damages he may have suffered from the flowing of the water." The court of review held this proposed instruction objectionable, as liable to mislead the jury to understand that, unless they could determine to a certainty the extent of damage from each of these sources, they should find only nominal damages for the plaintiff; the court declaring that if the jury could not separate and distinguish between the several amounts of the damage caused by the water from the tank and the surface water, respectively, they should have been left at liberty to estimate, as best they might, from the evidence, how much of the whole damage was occasioned by the water from the tank. See, also, *Learned* v. *Castle,* 78

Jenkins v. Penna. R. R. Co.     67 *N. J. L.*

*Cal.* 454; *Priest* v. *Nichols,* 116 *Mass.* 401; *Mark* v. *Hudson River Bridge Co.,* 103 *N. Y.* 28. .

If the rule above indicated is proper to be adopted where the damage occasioned by the defendant's tortious acts is indistinguishable from that arising from the tortious acts of others, or that arising from natural causes, it follows, *a fortiori,* that the same rule is sufficiently favorable to a defendant from whose acts alone the entire loss to the plaintiff has arisen; it being found that a substantial part of the loss was occasioned by his tortious act, and conceded that the residue of the loss was attributable to some lawful act of the defendant, inseparable in its consequences from the tortious act. To say that the plaintiff must be denied a substantial recovery because of the impossibility of distinguishing between the consequences that were lawfully originated and those that were unlawfully imposed upon him, is to say that, in such circumstances, the best approximation to justice attainable in a court of law is to require the injured party to bear the entire burden of loss. From the standpoint of natural justice, it would be better to permit the wrongdoer to bear the whole. But the rule above indicated does equal justice to both, so far as the nature of the case permits.

The judgment should be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Van Syckel, Dixon, Garrison, Collins, Fort, Garretson, Hendrickson, Pitney, Krueger, Adams, Vredenburgh, Voorhees. 13.