Submitted on briefs May 3, affirmed June 15, 1920.

## ᐧBROWN v. McCLOUD.

(190 Pac. 578.)

**Animals—Damages for Trespassing by Sheep.**

1. Evidence *held* sufficient to support a finding that land depastured by sheep was damaged to the extent of $250.

**Damages—Trespass—Evidence—Question for Jury as to Amount of Damages.**

2. Where defendant's sheep, and those of other parties, trespass upon plaintiff's land, and damage it by eating the grass and bedding upon it, the approved practice is to leave the question as to the amount of the damage done by defendant's sheep to the good sense of the jury as reasonable men to form from the evidence the best estimate that can be made under the circumstances.

**Damages—Witnesses—Approximate Estimates.**

3. It is not a sufficient reason for disallowing damages claimed that they cannot be exactly calculated, it being sufficient that from approximate estimates of witnesses a satisfactory conclusion can be reached.

**Animals—Trespass—Unfenced Lands.**

4. That lands were unfenced and stock could roam thereon at will did not authorize defendant to herd or drive his sheep upon the land nor permit them to graze thereon.

**Trial—Damages—Exemplary Damages—Instructions.**

5. An instruction, "there is only one kind of damages which you may find in this case, that is compensatory damages; no exemplary damages are asked, and therefore you may only allow compensatory damages, if any at all"—was not erroneous as implying that, if exemplary damages had been asked by plaintiff, it would have been the duty of the jury to allow them.

**Costs—Double Mileage—Witnesses—Statutes.**

6. Court did not err in allowing double mileage and per diem fees to a witness for plaintiff under Section 818, L. O. L., although there was no showing that the witness was actually paid double fees.

**Witnesses—Double Mileage—May Demand Fees in Advance.**

7. A witness entitled to double fees under Section 818, L. O. L., may demand his fees in advance, but, in order to collect the same, he is not required to do so.

From Harney: DALTON BIGGS, Judge.

In Banc.

This is an action for damages on account of trespass by defendant's sheep. For about thirty years plaintiff has been engaged in the sheep business in Harney County, Oregon, and is the owner of 560 acres of unfenced pasture land situated about 75 miles south of Burns, Harney County, in what is known as the "Steen's Mountain Country." The complaint is in the usual form. The answer consists of a denial of the averments of the complaint, except as to the ownership of the land.

The testimony indicated that in 1917, there was growing upon the plaintiff's lands a good crop of natural wild grasses, which the plaintiff was reserving for use as fall range for his sheep. The defendant is likewise engaged in the sheep business and during the summer of 1917 was running a band of approximately 2,900 sheep. He leased 40 acres of land near that of plaintiff, and ran the sheep on the public range in the vicinity of plaintiff's land. Between August 5th and September 10th of that year defendant, without the consent of plaintiff, grazed his band of sheep on plaintiff's land, resulting in the eating off of the grasses growing thereon and denuding the pasture, and rendering the same worthless for that year. Plaintiff was away from the lands during the time. Upon returning to them about September, and ascertaining the condition, he demanded payment of defendant and instituted this action for $500 damages. Upon trial of the case before a jury a verdict for plaintiff was rendered in the sum of $250. From the consequent judgment defendant appeals.      AFFIRMED.

For appellant there was brief submitted over the names of *Mr. William H. Brooks* and *Mr. P. J. Gallagher.*

For respondent there was a brief prepared and submitted by *Mr. M. A. Biggs.*

BEAN, J.—1. It is contended by defendant that plaintiff did not show what, if any, damage was done to his land by defendant's sheep. This contention is not supported by the record. The plaintiff, testifying in his own behalf, stated in regard to this point that in the latter part of September, 1917, the grass was all eaten off the land; that the sheep had bedded there; and that he placed the reasonable market value of the growing grass on the land for that year at $500 or $600.

John Mason, a witness for plaintiff, testified that he tended camp for one B. B. Clark, a sheepman who was running sheep on the range; that he counted the defendant's sheep; that in going back and forth for supplies between October 5, and September 15, 1917, he saw defendant's sheep grazing on plaintiff's land four different times, saw the bedding place of the sheep there several times, and the herder's bed on the land twice. When he first saw the defendant's band of sheep on the land the grass was "pretty good." After the sheep had grazed thereon "the grass was all gone."

Claud Smyth, a witness for plaintiff, testified, in effect, that during the season of 1917 defendant had a band of about 3,000 wethers ranging in the neighborhood of plaintiff's lands; that in the latter part of August he saw them three or four hundred yards from plaintiff's lands; that there were fresh tracks all over the lands; and that he did not see nor know

of any other sheep in that neighborhood at the time. He also testified that he had known the land in question all his life, and placed the reasonable market value of the grass growing thereon at $1 per acre; that in the latter part of August or the 1st of September he saw the lands, and "there was no grass there." Other witnesses testified to the same effect in regard to the market value of the grass on the land for that season.

It was the defendant's claim and he introduced testimony tending to show, that plaintiff's land had not been depastured by defendant's sheep. The testimony on behalf of plaintiff sustained the complaint. It was as definite as to the amount of damages as it could well be in a case of this kind.

2. It was in evidence that other stock trespassed upon plaintiff's land during that season. Defendant complains that the court submitted to the jury the question of how much damage, if any, plaintiff was entitled to recover from defendant. Where the injury occasioned by the tortious act of a defendant is indistinguishable from that arising from a like act of others, the approved practice is to leave it to the good sense of the jury, as reasonable men, to form from the evidence the best estimate that can be made under the circumstances: *Jenkins* v. *Penn. R. Co.*, 67 N. J. Law, 331 (51 Atl. 704, 57 L. R. A. 309); *Ogden* v. *Lucas,* 48 Ill. 492.

3. It is not a sufficient reason for disallowing damages claimed that they cannot be exactly calculated. It is sufficient if, from proximate estimates of witnesses, a satisfactory conclusion can be reached: 17 C. J., § 91, p. 761. There was no error in the trial court thus submitting the question for determination.

4, 5. Defendant criticises instruction No. 2, which is to the effect that, if the jury found "that the defendant entered the premises of the plaintiff, that would constitute a trespass, unless it was with the consent of the plaintiff." It is claimed that the land was situated where sheep were "accustomed to cross at will," and that the charge did not cover the law. At one time this was a much-mooted question in the range country. The lands were unfenced, and stock could roam thereon at will; but this fact did not authorize the defendant to herd or drive his sheep upon the plaintiff's land nor permit them to graze thereon. This has been the rule in this state since the rendition of the opinion in the case of *French* v. *Cresswell,* 13 Or. 418 (11 Pac. 62, 17 Am. Neg. Cas. 217). This case was cited and followed in the cases of *Bileu* v. *Paisley,* 18 Or. 47, 51 (21 Pac. 934, 4 L. R. A. 840); *Strickland* v. *Geide,* 31 Or. 373 (49 Pac. 982); and *Pacific Livestock Co.* v. *Murray,* 45 Or. 103, 107 (76 Pac. 1079). As we read the record, the same question is raised in the present case in a different form. Error is predicated upon instruction No. 6, which is as follows:

"There is only one kind of damages which you may find in this case; that is compensatory damages. No exemplary damages are asked, and therefore you may only allow compensatory damages, if any at all; and by compensatory damages is meant damages in such an amount as will pay the plaintiff for the injury, if any, done by the defendant's sheep."

We think this instruction is fair and within the law. Defendant suggests that the charge implies that if exemplary damages had been asked by plaintiff it would have been their duty to allow them. We cannot give the language such meaning. The in-

struction is favorable to the defendant in limiting the amount that might be found by the jury. The learned counsel for defendant did not present the law set forth in this part of the charge in language more acceptable to the defendant or request any more specific instruction. We find no error in the charge submitting the cause to the jury.

6, 7. Error is assigned in the allowance of double mileage and *per diem* fees to Sid Skinner, a witness for plaintiff. This witness resided and was served outside of Harney County and more than 20 miles from the place of trial, and was compelled to attend as a witness upon the trial pursuant to Section 818, L. O. L., and was entitled to double fees: *Burrows v. Balfour,* 39 Or. 488 (65 Pac. 1062). The objection made is that it is not shown that the witness was actually paid double fees. A witness may demand his fees in advance, but in order to collect the same he is not required to do so. The same rule would apply to double fees as to single.

Believing that the case was fairly tried, and finding no reversible error in the record, the judgment of the lower court is affirmed.        AFFIRMED.