(September 3, 1921.)

STEPHEN M. SMITH, Respondent, v. HIGHLAND LIVE-STOCK AND LAND COMPANY, LTD., a Corporation, Appellant.

[200 Pac. 679.]

TRESPASS—APPORTIONMENT OF DAMAGES—INSUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT.

In an action for trespass brought by the owner of grazing lands against the owner of a band of sheep that were trailed across such lands on the same day and immediately following another band, where there is no evidence tending to show the amount of damage committed by the trespass of either band and no facts are shown from which a jury may apportion the damages, the judgment will be reversed for want of sufficient evidence to sustain the same.

APPEAL from the District Court of the Third Judicial District, for Boise County. Hon. Chas. P. McCarthy, Judge.

Action for damages for trespass of sheep owned by defendant. From judgment for plaintiff, defendant appeals. *Reversed* and *remanded,* and a new trial ordered.

Frawley & Koelsch and D. L. Rhodes, for Appellant.

In order to entitle the plaintiff to recover he should be required to prove at least approximately the amount of damages done by defendant's sheep. (*Dooley v. 17,500 Head of Sheep,* 4 Cal. Unrep. 479, 35 Pac. 1011; *Partenheimer v. Van Order,* 20 Barb. (N. Y.) 479; *Pacific Livestock v. Murray,* 45 Or. 103, 76 Pac. 1079; *Powers v. Kindt,* 13 Kan. 74; 2 Waterman on Trespass, sec. 871; 3 C. J. 145.)

It was incumbent on the plaintiff to show that at the time defendant's sheep trespassed on the lands, there was grass and pasturage thereon, the value thereof and the value after the trespass. (*Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006.)

Clinton H. Hartson, for Respondent.

In determining the proportion of damages recoverable against each of several owners of animals doing a trespass at the same time, regard is to be had to the number of animals belonging to each, and their size, strength and capacity for mischief. (1 R. C. L. 1106; *Buddington v. Shearer,* 20 Pick. (Mass.) 477; *Powers v. Kindt,* 13 Kan. 74.)

In the absence of proof authorizing a contrary conclusion, each animal will be presumed to have done the same amount of injury. (1 R. C. L. 1106; *Partenheimer v. Van Order,* 20 Barb. (N. Y.) 479; *Buddington v. Shearer, supra.*)

Where there is sufficient evidence to go to the jury, and there is a substantial conflict in that evidence, the verdict of the jury will not be set aside. (*McAlinden v. St. Maries Hospital Assn.,* 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115.)

LEE, J.—This is an action for damages brought by respondent for an alleged trespass by appellant's sheep, committed on May 9, 1918. The complaint states two causes of action, the first for damages for trespass on lands owned and leased by respondent, and the second for damages alleged to have been committed by appellant's sheep upon

lands owned by respondent's son, this cause of action having been assigned to respondent.

The cause was tried to the court sitting with a jury, which rendered a verdict in the sum of $300 upon the first cause of action and $50 in the second cause of action, and judgment was entered thereon. Appellant moved for a new trial, which was denied; this appeal is from the judgment, and also from the order denying appellant's motion for a new trial.

Appellant makes numerous assignments of error, all of which may be considered under the general assignment that the evidence is insufficient to support the verdict.

It appears that the respondent is the owner and entitled to the possession of certain grazing land, situate in Boise county, and is also in possession of certain other adjoining leased lands, amounting to 440 acres in all; and that his son, Andrew P. Smith, is the owner and entitled to the possession of grazing lands adjoining respondent's aggregating 320 acres, upon which the trespass stated in the second cause of action was alleged to have been committed.

On the day in question, appellant's herders trailed a band of sheep across these lands or certain portions of them. The testimony is indefinite and uncertain as to the number of sheep so trailed, and as to the time they were on the premises, but as nearly as can be determined from the record there were approximately 1,800 head, and they were from one to two hours crossing these lands, or such portion thereof as they did trespass upon. Respondent's witnesses testified that these sheep trespassed upon not to exceed six forties of this land. Appellant's sheep camped at about the noon hour near a point termed the "little lake," just to the west of respondent's land, and moved thence northeasterly through a gulch, crossing Dagget Creek, running in a north-westerly and southeasterly direction, and certain irrigation ditches claimed to have been injured, running parallel with and near to this creek for a distance of approximately half a mile. It further appears that the band of sheep was

following another band, traveling in about the same direction, belonging to one T. R. Wilson. There is no evidence in the record from which the number of Wilson's sheep can be determined, but it is reasonably certain that appellant's sheep traversed respondent's land over practically the same route that the preceding band had taken. While both trespasses were committed on the same day, it is not possible from the evidence to determine even approximately the extent of the injuries caused by either band, or to segregate the amount of damage committed by appellant's sheep from the damage committed by the band which passed over these lands earlier in the day.

In *Powers v. Kindt,* 13 Kan. 74, it is held that where growing crops are destroyed by trespassing animals belonging to two parties, trespassing repeatedly through the season, and where in the nature of things it is impossible to distinguish between the trespass of one lot and that of the other or to determine the actual amount of damage done by either separately, and where the trial court apportioned the damages according to the number of animals belonging to the respective parties and allowed the owner of the lands to recover in an action against one of them only the proportion of damages given by such apportionment, that such party had no grounds of complaint of the amount of the damages.

In this case, if the evidence was sufficiently definite and certain to enable an apportionment to be made upon this basis, and the cause had been submitted to the jury with instructions to so apportion the damage, we think both upon reason and authority that such judgment should be permitted to stand. It is not controverted that appellant's sheep trespassed upon a portion of respondent's land, and that a certain amount of damage was caused thereby; but it is also conceded that immediately prior to this time another trespass had been committed by the sheep belonging to Wilson, who is not a party to this action, but against whom it appears that a separate action is being prosecuted

for such trespass. From all that can be determined from the record before us, it would appear that respondent is seeking to recover the entire amount of damages he claims to have suffered by reason of these various trespasses from this appellant, and also to recover damages from the first trespasser for the same injury.

The instructions of the court submitting this question of damages to the jury in this case have not been brought up with the record, and no error appears to have been predicated upon the instruction of the court, beyond the general assignment that the evidence is insufficient to justify the verdict. We are of the opinion that this assignment is well taken, and that from the evidence submitted to the jury they could only arrive at their verdict by conjecture, for it is manifest that there is no evidence in the record from which the amount of damages that should be apportioned to appellant's sheep can even be approximated. It does not appear from the record that the jury were directed or made any effort to apportion these damages, for considering respondent's testimony as to the extent of the damages he suffered, the verdict allows the greatest amount that could be found from the evidence for the entire trespass of both bands of sheep.

In *Dooley v. 17,500 Head of Sheep,* 4 Cal. Unrep. 479, 35 Pac. 1011, it was found that the trespasses for which damages were allowed were committed by 4,500 sheep which were the property of appellant, and 2,500 sheep of which appellant was not the owner, and over which the court had obtained no jurisdiction, by attachment or otherwise; yet the judgment of the lower court was to the effect that the appellant's sheep should be sold and the proceeds of such sale applied to the payment of all of the damages and costs. The case was accordingly reversed, for as that court remarked, while the act of the legislature under which the action was prosecuted was unique in a number of respects, it permitting proceedings to be brought directly against the animals themselves, still the court could not by the terms

of the statute nor by any necessary implication authorize the taking of one man's animals to pay for the damage caused by animals owned by others, over which the owner of the animals so taken had no control, it not appearing that such a person had in any manner contributed to the cause of these other trespassing animals.

In *Smith v. Faris-Kesl Construction Co.,* 27 Ida. 407, 417, 150 Pac. 25, it is said that the trial court cannot be required to be more accurate in its findings than the nature of the case permits the evidence to be, and this is equally true with regard to the verdict of the jury. But it does not obviate the requirement that in an action for trespass committed jointly by the animals of two or more persons, at the same time and under practically the same conditions, that a verdict against one of the owners for the entire damage cannot be sustained in the absence of any evidence whatever tending to show what proportion of the damage was done by the animals of the other owners.

Counsel for respondent cites in support of his contention the case of *Brown v. McCloud,* 96 Or. 549, 190 Pac. 578, wherein it is held that where the injury occasioned by the tortious act of the defendant is indistinguishable from that arising from a like act of others, the approved practice is to leave it to the good sense of the jury, as reasonable men, to form from the evidence the best estimate that can be made under the circumstances, citing in support thereof *Jenkins v. Pennsylvania R. R. Co.,* 67 N. J. L. 331, 51 Atl. 704, 57 L. R. A. 309; *Ogden v. Lucas,* 48 Ill. 492. All of these authorities are in harmony with the rule announced in *Powers v. Kindt, supra,* and were correctly applied to the facts of those cases; but in this case, a more definite and certain statement of the facts and circumstances upon which respondent bases his cause of action can be obtained, particularly as to the number of trespassing animals in each band, the time that each respective band was upon such premises, the extent of the territory over which they ranged, and the approximate damage caused by each band.

We conclude that the judgment must be reversed and the cause remanded, with directions to grant a new trial, and it is so ordered.    Costs awarded to appellant.

Rice, C. J., and Dunn, J., concur.

Budge, J., did not sit at the hearing or take part in the opinion.

McCarthy, J., being disqualified, took no part in the decision of this case.