(April 28, 1923.)

## JOE LESSMAN, Respondent, v. GREGORIO AN-SCHUSTIGUI, Appellant.

[215 Pac. 460.]

CHANGE OF VENUE—CROSS-EXAMINATION OF OPPOSING PARTY—AMEND-MENT OF PLEADING—DAMAGES UNDER TWO-MILE LIMIT STATUTE—PLEADING OF SPECIAL DAMAGES—INSTRUCTIONS—SUFFICIENCY OF THE EVIDENCE—REDUCTION OF VERDICT.

1. Granting or refusing a change of venue is largely discretionary with the court, and in the absence of abuse, his action will not be disturbed.

2. Making a *prima facie* case is not a condition precedent to calling the opposing party for cross-examination under C. S., sec. 8035.

3. Amendment of complaint to conform to the proof where no prejudice is shown is not error.

4. Evidence of the market price of hay, when a necessary substitute for grass destroyed by trespass under the two-mile limit statute, admissible to prove damage.

5. Special damages must be pleaded before evidence thereof is admissible.

6. If a party desires other instructions than those given by the court, the same must be requested, or no error can be predicated thereon.

7. The evidence in this case examined and *held* to be sufficient to sustain the verdict for $500.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Charles F. Reddoch, Judge.

Action for damages for trespass under the two-mile limit statute. From judgment for plaintiff, defendant appeals. *Affirmed* in part and *remanded* with instructions.

P. E. Cavaney, for Appellant.

It was abuse of discretion on the part of the trial court to deny appellant a change of place of trial. (*Day v. Day,* 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531; *Richardson v. Augustine,* 5 Okl. 667, 49 Pac. 930; *Omaha So. Ry. Co. v. Todd,* 39 Neb. 818, 58 N. W. 289; *Gandy v. Bissel's Estate,* 81 Neb. 102, 115 N. W. 571; *State ex rel. Wyman v. Superior Court,* 40 Wash. 443, 82 Pac. 875; *Buck v. Eureka,* 97 Cal. 135, 31 Pac. 845; *Packwood v. State,* 24 Or. 261, 33 Pac. 674; *Dowling v. Allen,* 88 Mo. 293; *Cyra v. Stewart,* 79 Wis. 72, 48 N. W. 50; *Little v. Wyoming County,* 214 Pa. St. 596, 63 Atl. 1039.)

The right to a change of venue is a right belonging to either party to the action, and the word "may" as used in the section means "must"; when the facts and circumstances which make it appear that a fair and impartial trial cannot be had are shown to the court, the judge should

award the change of venue. (*In re Brown,* 2 Okl. 590, 39 Pac. 469; *Kansas Pac. R. Co. v. Reynolds,* 8 Kan. 623; *Jones v. American Cent. Ins. Co.,* 83 Kan. 44, 109 Pac. 1077; *Griffin v. Leslie,* 20 Md. 15; *Stockwell v. Township Board,* 22 Mich. 341.)

The appellant should not have been called for cross-examination until the respondent in the lower court had at least made out a *prima facie* case. (*Darry v. Cox,* 28 Ida. 518, 155 Pac. 660; *Boeck v. Boeck,* 29 Ida. 639, 161 Pac. 576.)

It was error for the court to allow the amendment to the pleadings in this action at the time the same was allowed. (*Hallett v. Larcom,* 5 Ida. 492, 51 Pac. 108; *Dovers v. Goux,* 5 Cal. 153.)

No showing was made to entitle plaintiff to the amendment. (*Snowy Peak M. Co. v. Tamarack etc. Co.,* 17 Ida. 630, 107 Pac. 60.)

The court should have instructed the jury that the damages in this case should have been apportioned among the different bands of sheep that had passed over the place where the trespass is alleged to have been committed. (*Smith v. Highland Livestock & Land Co.,* 34 Ida. 321, 200 Pac. 679; *Dooley v. Seventeen Thousand Five Hundred Head of Sheep,* 4 Cal. Unrep. 479, 35 Pac. 1011; *Partenheimer v. Van Order,* 20 Barb. (N. Y.) 479; *Pacific Live Stock Co. v. Murray,* 45 Or. 103, 76 Pac. 1079; *Powers v. Kindt,* 13 Kan. 74; 2 Waterman on Trespass, sec. 871; 3 C. J. 145.)

The verdict is excessive and is not supported by the evidence. (*Taylor v. Hall,* 8 Ida. 757, 71 Pac. 116; *Harker v. Seawell,* 35 Ida. 457, 206 Pac. 812.)

Where there is a verdict without substantial evidence to support it the same will be set aside. (*Studebaker Bros. v. Harbert,* 35 Ida. 490, 207 Pac. 587; *Quayle v. Ream,* 15 Ida. 666, 99 Pac. 707; *Continental Life Ins. Co. v. Yung,* 113 Ind. 159, 15 N. E. 220; *Quinton v. Cutlip,* 1 Okl. 302, 32 Pac. 269; Abbott, Civ. J. Trials, 3d ed., 748.)

In an action of this character before evidence of special damages is admissible special damages should have been pleaded. (*Kirk v. Madareita*, 32 Ida. 403, 185 Pac. 225.)

The only damages, if any, that could be recovered in an action of this kind under the pleading would be the value of the grass growing on respondent's land at the time of the trespass. (*Keller v. Sproat*, 35 Ida. 273, 205 Pac. 894; *Boggs v. Seawell*, 35 Ida. 132, 205 Pac. 262; *Risse v. Collins*, 12 Ida. 689, 87 Pac. 1006.)

Wm. Healy and Wright A. Stacy, for Respondent.

As to whether or not a change of venue shall be granted is wholly within the discretion of the trial court. Unless the trial court acts in a manifestly arbitrary manner in such a matter his discretion will not be disturbed on appeal. (*Gibbert v. Washington Water Power Co.*, 19 Ida. 637, 115 Pac. 924.)

Under the decision of *Boeck v. Boeck*, 29 Ida. 639, 161 Pac. 576, it does not appear that the court erred in allowing the respondent to cross-examine the adverse party.

Had the appellant wanted further or more explicit instructions, he should have asked for them, which fact is not shown by the record. (*Joyce Bros. v. Stanfield*, 33 Ida. 68, 189 Pac. 1104; C. S., secs. 6846-6849; *Carbaugh v. White Line Bus Co.*, 51 Cal. App. 1, 195 Pac. 1066.)

The trial court is allowed great latitude and liberality in amendment of pleadings, and unless the allowance of an amendment denies the appellant some substantial right, it is not error. (*Mantle v. Jack Waite Mining Co.*, 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130; *Snowy Peak Mining Co. v. Tamarack & Chesapeake Mining Co.*, 17 Ida. 630, 107 Pac. 60.)

The measure of damages in two-mile limit cases is the actual damage sustained by the plaintiff. (*Chandler v. Little*, 30 Ida. 119, 163 Pac. 299; *Smith v. Benson*, 32 Ida. 99, 178 Pac. 480; *Roseborough v. Whittington*, 15 Ida. 100, 96 Pac. 437.)

GIVENS, Commissioner. — Plaintiff, respondent herein, sued defendant, appellant, under the two-mile limit statute. Defendant introduced no evidence, and the jury returned a verdict in favor of respondent for $750.

Appellant makes several assignments of error, which may be properly considered in the following groups: First, overruling appellant's motion for a change in the place of trial; second, that the trial court erred in allowing the defendant to be called for cross-examination under C. S., sec. 8035, without a proper showing made, and before the plaintiff had made a *prima facie* case; third, that the court erred in allowing respondent to amend his complaint as to the dates of the trespass and to introduce certain evidence with regard to the purchase and price of hay, as bearing on the measure of damages; fourth, the admission of evidence which appellant claims shows special damage, the same not having been pleaded; fifth, failure of the court to instruct the jury as to the apportionment of the damages between the appellant and others who herded sheep upon the land in question; and last, the insufficiency of the evidence to support the verdict and the refusal of the court to grant a motion for nonsuit and for a new trial.

The granting of a change of venue is within the discretion of the trial court, and in the absence of an abuse of such discretion, will not be disturbed. (*Gibbert v. Washington Water Power Co.,* 19 Ida. 637, 115 Pac. 924.)   The showing in the case at bar clearly falls within the above rule.

Under C. S., sec. 8035, the opposing party may be called for cross-examination under the statute as to those matters not readily provable in any other way, and it is not a condition precedent thereto that the party so calling the opposite party for examination shall have made out a *prima facie* case.   The time when the opposing party may be called and the extent of the examination, within the limits stated in *Boeck v. Boeck,* 29 Ida. 639, 161 Pac. 576, and the foundation necessary to show that the matters inquired of may not be otherwise readily established are matters within the discre-

tion of the trial court, which in the absence of abuse thereof, will not be disturbed.

No new cause of action was introduced by plaintiff's amendment of his complaint, and no prejudice to defendant is shown to have been caused thereby, the complaint being only amended to conform to the proof.

Respondent introduced evidence as to extra hay secured to take the place of the grass destroyed by appellant's sheep, the general market price of hay and his necessities in regard thereto. *Boggs v. Seawell,* 35 Ida. 132, 205 Pac. 262, was a case of actual trespass not brought under the two-mile limit law, and the measure of damages therein set forth is not applicable to a case under the two-mile limit statute.

"The cause of damage for which a plaintiff may recover in these cases is widely different where the trespass is upon the plaintiff's lands from that where the trespass has been committed not upon his lands, but upon public unappropriated lands within two miles of his dwelling-house. Since there was not evidence in this case either establishing or tending to establish a trespass upon public unappropriated lands within the two-mile limit, it is unnecessary for us to consider or pass upon the elements of damage or measure thereof in such case or the modes of proof to be adopted." (*Risse v. Collins,* 12 Ida. 689, at 696, 87 Pac. 1006, 1008.)

The price of hay and the amount necessarily purchased were considered proper elements in assessing damages in an action of this kind. (*Sweet v. Ballentyne,* 8 Ida. 431, 440, 69 Pac. 995.)

It has been laid down as the rule in this class of cases that the land owner is entitled to be compensated for his loss occasioned by the destruction of grass or other growth which might have been used by him, dependent upon his need and his ability to make actual use thereof.

"Damages are not allowed to respondent in this case on the theory that he owns the grass growing on the range, but as compensation for loss actually sustained as a direct result of sheep grazing off and destroying, within two miles of his dwelling-house, pasturage which, in reasonable probability,

his stock would have fed upon had it not been so grazed off and destroyed. *Chandler v. Little,* 30 Ida. 119, 163 Pac. 299." (*Smith v. Benson* (on rehearing), 32 Ida. 101, 178 Pac. 481.)

If he was deprived of the grass and herbage growing upon the land in question, and he had stock which would have consumed the same if it had not been destroyed by defendant, and it thereby became necessary for him to purchase other pasture or hay to sustain his stock, the fair market value of such substitute would be a legitimate measure by which his damages could be estimated.

There was evidence showing that others than the appellant herded sheep in the vicinity of respondent's land, and the trial court instructed the jury as follows:

"The court instructs the jury that if you believe from the evidence that any other person's sheep trespassed within two miles of the plaintiff's dwelling, on or about the times alleged in the complaint in this case, then you cannot award the plaintiff any damages therefor in this action.

"The defendant is only liable for the actual damages caused by his sheep, if you find any was caused thereby, and cannot directly or indirectly be held responsible for the acts of sheep or trespasses other than his own."

This was in conformity with *Smith v. Highland Livestock & Land Co.,* 34 Ida. 321, 200 Pac. 679. If the appellant had desired other instructions upon this feature of the case, it was his duty to present them to the trial court. (*Joyce Bros. v. Stanfield,* 33 Ida. 68, 189 Pac. 1104.)

Counsel for appellant cross-examined witnesses for respondent exhaustively with regard to this feature of the case, and respondent himself testified that he considered appellant was liable for only half of the damage occasioned by the grass being eaten off of the land in question, and that other parties were responsible for the balance.

Respondent was allowed to introduce over appellant's objection evidence to the effect that his cattle, being deprived of feed through appellant's trespass, became poor and did not increase. Appellant contends this constitutes special

damages, and not having been plead, was improperly admitted, citing *Kirk v. Madareita*, 32 Ida. 403, 185 Pac. 225. The testimony showed that the land within respondent's two-mile limit had been grazed over by sheep belonging to two different parties, Mendiola and Anschustigui, and respondent claimed that he had been equally damaged by the sheep of these two parties, that the total amount of hay which he was obliged to purchase as a substitute for the range thus destroyed was fifty tons at $20 per ton, amounting to $1,000 damage done by both. The share of each on an equal basis as claimed by appellant would be $500. (*Smith v. Faris-Kesl Construction Co.*, 27 Ida. 407, 150 Pac. 25.) The verdict being for $750, the jury must have included damages based upon the evidence objected to.

This evidence was prejudicial, both because it constituted special damage and was not pleaded, and because if the fifty tons of hay was the equivalent of the pasturage destroyed, respondent would not be entitled to recover damages in addition to the value of the equivalent of his loss. In other words, if the value of the hay which respondent purchased was the equivalent of the value of the pasturage, and he received the value of that hay, that constitutes all the damage for which appellant is liable.

The evidence is sufficient to sustain the verdict for the sum of $500.

Budge, C. J., and McCarthy, Dunn and William A. Lee, JJ., concur.

PER CURIAM.—The above and foregoing has been examined and is hereby adopted in whole as the opinion of the court. If the respondent, within thirty days of the receipt of the *remittitur* by the clerk of the court below, accepts a reduction of the judgment to $500, the judgment will be sustained. If not, the judgment will be reversed with instructions to grant a new trial, and it is so ordered. Costs to appellant.